LAW OFFICES OF JOHN BURRIS
JOHN L. BURRIS, ESQ (SBN 69888)
STEVEN R. YOURKE (SBN 118506)
7677 Oakport St., Suite 1120
Oakland, CA  94621
Phone: (510) 839-5200
Fax: (510) 839-3882
Email: steven.yourke@johnburrislaw.com

Attorneys for Plaintiff
DION SMITH

UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SMITH, Individually, and in her capacity as Successor and interest to the Decedent, James Earl Rivera, Jr.,<br>　　　　Plaintiff,<br>　　vs.<br>CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; Sheriff STEVE MOORE and Does 1 though 20,<br>　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983)**<br><br>(**JURY TRIAL DEMANDED**) |

## INTRODUCTION

1. This action arises from the shooting death of James Rivera, ("Decedent") a sixteen year old African-American, by Modesto police officers ERIC AZARVAND and GREGORY DUNN and Deputy Sheriff JOHN NESBITT on July 22, 2010 in Stockton, California. Plaintiffs are the parents of Decedent and they sue for violation of civil rights pursuant to 42 U.S.C. Section 1983.

## JURISDICTION AND VENUE

2. Plaintiff sues for violation of civil rights pursuant to 42 U.S.C. Section 1983. This court has jurisdiction over such claims pursuant to 28 U.S.C. Sections 1331 and 1343.

3. The acts and omissions giving rise to Plaintiffs claims occurred in Stockton, California and therefore the appropriate venue for this action is the United States District Court for the Eastern District of California located in Sacramento, California.

## IDENTIFICATION OF PARTIES

4. Plaintiff DION SMITH is the mother of Decedent James Rivera, Jr. She sues in her own capacity for violation of her 14th Amendment right to enjoy continued family relations with her son, Decedent James Rivera, Jr. She also sues as Decedent's successor in interest to prosecute an action for violation of Decedent's 4th Amendment rights.

5.      Defendant CITY OF STOCKTON (hereinafter "CITY") is a municipal corporation duly organized and existing under the laws of the State of California.

6.      Defendant BLAIR UHLRING was at all relevant times the Chief of Police for the City of Stockton and he committed the acts complained of herein while acting as such and he is sued herein in his official capacity.

7.      Defendants ERIC AZARVAND and GREGORY DUNN are and were at all relevant times employed as police officers by the CITY and committed the acts complained of herein while acting within the scope and course of their official duties as police officers. They are sued in both their individual and official capacities.

8.      SAN JOAQUIN COUNTY is a governmental entity located within the State of California.

9.      STEVE MOORE is and was at all relevant times the Sheriff of San Joaquin County and he committed the acts complained of herein while acting in his official capacity as Sheriff. He is sued in his official capacity.

10.     Deputy Sheriff JOHN NESBITT is and was at all relevant times employed as deputy sheriff the COUNTY and committed the acts complained of herein while acting within the scope and course of his official duties as such. He is sued in both his individual and official capacities

11.     Plaintiff is unaware of the true names of those persons sued herein as Does 1 through 20 and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that said defendants are police officers employed by the CITY and Deputy Sheriffs employed by the COUNTY and that their wrongful acts

proximately caused Decedent's death. Plaintiff shall substitute the true names of such defendants when they become known.

12. All defendants acted under color of law in committing the acts complained of herein.

13. Plaintiffs demand a jury trial.

## STATEMENT OF FACTS

14. On July 22, 2010, Decedent, age 16, was suspected of having stolen a van. He was observed driving the van through a residential neighborhood in Stockton, California. He was pursued by police officers and sheriff's deputies who deliberately struck the van with their patrol cars, causing Decedent to lose control of the van and crash into the wall of the garage of a triplex. The pursuing "peace" officers then discharged their firearms at Decedent while he was still seated behind the wheel of the van and still within the interior of the garage and while he did not pose any imminent threat to the lives or safety of any person. The Decedent was struck by several rounds and he died as the result of his gunshot wounds. The "peace" officers laughed loudly and gave each other "high fives" following the shooting.

## . FIRST CAUSE OF ACTION
## Violation of Civil Rights – 42 U.S.C. section 1983

15. The use of force by the defendants in apprehending Decedent, including the ramming of the van and the subsequent shooting, were unreasonable under the prevailing circumstances and thus violated the Decedent's right not to be subjected to unreasonable seizure guaranteed by the Fourth Amendment of the United States Constitution.

WHEREFORE Plaintiff seeks relief as set forth below.

## SECOND CAUSE OF ACTION
## Violation of Civil Rights – 42 U.S.C. section 1983
## (14th Amendment Right to Enjoy Continued Family Relations)

16. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 15, above, as if fully set below.

17. As the proximate result of the Defendant's use of force, Plaintiff has been deprived of her right to enjoy continuing family relations with Decedent as protected by the 14th Amendment to the United States Constitution.

WHEREFORE Plaintiffs seek relief as set forth below.

## THIRD CAUSE OF ACTION
## Violation of Civil Rights – 42 U.S.C. section 1983
## Monell claim against CITY, COUNTY, MOORE, UHLRING

18. Plaintiff incorporate by reference all allegations set forth in paragraphs 1 through 15, above, as if fully set below.

19. Defendant CITY and UHLRING had a duty to adequately train, supervise and discipline their police officers in order to protect members of the public, including Decedent, from being harmed by the police unnecessarily.

20. Defendant COUNTY and Sheriff MOORE had a duty to adequately train, supervise and discipline their deputy sheriffs in order to protect members of the public, including Decedent, from being harmed by such deputies unnecessarily.

21. Said defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

WHEREFORE Plaintiff seeks relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE each Plaintiff sues for relief as set forth below:

For general damages in the amount of $10,000,000.00;

For special damages in amount to be determined at trial;

For punitive damages against each defendant officer in the amount of $500,000.00;

For costs of suit and reasonable attorneys' fees pursuant to statute;

For all other relief to which they may be legally entitled.

Dated: September 15, 2010            **LAW OFFICE OF JOHN BURRIS**

By:  /s/ John L. Burris            _____
     John L. Burris
     Steven R. Yourke
     Attorneys for Plaintiffs