WILLIAM S. SCOTT, ESQ., #72581
SCOTT & NICHOLS
120 North Hunter Street
Stockton, California 95202
Telephone: (209) 942-4300
Facsimile: (209) 942-4450

JOHN M. LUEBBERKE, City Attorney
State Bar No. 164893
LORI ASUNCION, Deputy City Attorney
State Bar No. 238240
425 N. El Dorado Street, Second Floor
Stockton, California 95202

Attorneys for Defendants
CITY OF STOCKTON, ERIC AZARVAND,
GREGORY DUNN AND CHIEF BLAIR ULRING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS, an Individual, and as the Successor-In-Interest to the Estate of JAMES E. RIVERA, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; COUNTY OF SAN JOAQUIN, a municipal corporation; Sheriff STEVE MOORE and Does 1 through 20,<br><br>Defendants. | CASE NO. 2:10-CV-02495-MCE-GGH<br>*Complaint Filed: 9/22/2010*<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants CITY OF STOCKTON, OFFICER ERIC AZARVAND, OFFICER GREGORY DUNN and CHIEF OF POLICE BLAIR ULRING (hereinafter “CITY" , “AZARVAND”, “DUNN” AND “ULRING”) answer the plaintiffs' First Amended Complaint (hereinafter "FAC") as follows:

///

///

## I.

## DENIALS

1. Pursuant to the Federal Rules of Civil Procedure, Rule 9(b), defendants CITY, AZARVAND, DUNN and ULRING generally and specifically denies each, every and all of the allegations contained in the First Amended Complaint (Hereinafter "FAC") and the whole thereof. CITY, AZARVAND, DUNN AND ULRING deny that Plaintiffs were damaged in any sum or sums, or at all by reason of any negligent act or omission, or any other conduct by CITY, AZARVAND, DUNN and ULRING, or their agents.

2. Answering Paragraph No. 1, CITY, defendants CITY, AZARVAND, DUNN and ULRING deny each and every allegation and the whole thereof, except, they admit that JAMES RIVERA was shot on July 22, 2010 in Stockton, California.

3. Answering Paragraph No. 2, defendants CITY, AZARVAND, DUNN and ULRING deny the allegations contained in Paragraph 2.

4. Answering Paragraph No. 3, defendants CITY, AZARVAND, DUNN and ULRING , admit that venue is proper.

5. Answering Paragraph No. 4, defendants CITY, AZARVAND, DUNN and ULRING lack sufficient information or knowledge to form a belief as to the truth of the allegations, and on that basis, deny said allegations.

6. Answering Paragraph No. 5, defendants CITY, AZARVAND, DUNN and ULRING admit it is a municipal corporation duly organized and existing under the laws of the State of California.

7. Answering Paragraph No. 6, defendants CITY, AZARVAND, DUNN and ULRING admit that BLAIR ULRING was at all times the Chief of Police for the City of Stockton and admit that at all times, he was acting as such, but deny that he committed any acts complained of in plaintiff's complaint.

8. Answering Paragraph No. 7, defendants CITY, AZARVAND, DUNN and ULRING admit that AZARVAND and DUNN were employed at police officers by the City

but deny that they committed the acts complained of in the complaint. At all times they were acting within the course and scope of their official duties as police officers.

9. Answering Paragraph 8, defendants CITY, AZARVAND, DUNN and ULRING admit the allegations contained in Paragraph 8.

10. Answering Paragraph 9, defendants CITY, AZARVAND, DUNN and ULRING lack sufficient information or knowledge to form a belief as to the truth of the allegations, and on that basis, deny said allegations

11. Answering Paragraph 10, defendants CITY, AZARVAND, DUNN and ULRING lack sufficient information or knowledge to form a belief as to the truth of the allegations, and on that basis, deny said allegations

12. Answering Paragraph 11, defendants CITY, AZARVAND, DUNN and ULRING lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies the allegations in Paragraph 11.

13. Answering Paragraph No. 12, defendants CITY, AZARVAND, DUNN and ULRING deny they committed any of the acts complained of in the complaint.

14. Answering Paragraph No. 14, defendants CITY, AZARVAND, DUNN and ULRING admit that decedent was pursued by Police Officers but otherwise deny the allegations contained in Paragraph 14.

15. Answering Paragraph No. 15, defendants CITY, AZARVAND, DUNN and ULRING deny the allegations contained in Paragraph 15.

16. Answering Paragraph No. 16, defendants CITY, AZARVAND, DUNN and ULRING deny the allegations contained in Paragraph 16.

17. Answering Paragraph No. 17, defendants CITY, AZARVAND, DUNN and ULRING deny the allegations contained in Paragraph 17.

18. Answering Paragraph No. 18, defendants CITY, AZARVAND, DUNN and ULRING deny the allegations contained in Paragraph 18.

19. Answering Paragraph No. 19, defendants CITY, AZARVAND, DUNN and

ULRING admit that ULRING had a duty to adequately train, supervise and discipline police officers.

20. Answering Paragraph No. 20, defendants CITY, AZARVAND, DUNN and ULRING lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 20 and on that basis, deny the allegations.

21. Answering Paragraph No. 21, defendants CITY, AZARVAND, DUNN and ULRING deny the allegations contained in Paragraph 21.

## II.

## AFFIRMATIVE DEFENSES

AS SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSES, DEFENDANTS CITY, AZARVAND, DUNN AND ULRING ALLEGE AS FOLLOWS:

1. The First Amended Complaint fails to state facts sufficient to constitute any claims upon which relief may be granted.

2. The First Amended Complaint fails to state facts sufficient to constitute any common law and/or statutory claims under California law for any pendent state causes of action.

3. The First Amended Complaint is barred by the applicable statutes of limitations under both federal and state laws.

4. The Plaintiff has failed to exhaust her administrative remedies under California law and has failed to allege a proper California Governmental Tort Claim, and the First Amended Complaint does not state facts sufficient to constitute any valid excuse, no equitable tolling, no estoppel, no substantial compliance, or claim as presented exceptions to he necessity of the filing of a California Governmental Tort Claim.

5. The Plaintiffs have failed to mitigate their damages, if any.

6. The First Amended Complaint is barred by the doctrine of laches.

7. The First Amended Complaint is barred by the doctrine of unclean hands.

8. The Plaintiff is equitably estopped from asserting any of the claims asserted in the First Amended Complaint.

9. The Plaintiff, by her own conduct and acts has waived all claims asserted in the First Amended Complaint, and she has consented to said acts contained in the First Amended Complaint.

10. These answering defendants were justified and privileged in doing the acts alleged, if there were any, in the First Amended Complaint, pursuant to California Penal Code § 835 and 835(a), and in the exercise of the right of self-defense.

11. The acts complained of, if any there were, were undertaken in lawful self-defense.

12. The acts complained of, if any there were, were undertaken in lawful defense of others.

13. Plaintiff consented to the acts complained of, if any there were.

14. The acts complaint of, if any there were, were committed by peace officers who had reasonable cause to use reasonable force pursuant to Penal Code § 835 and 835(a) and in the exercise of self-defense.

15. The acts complained of, if any there were, were the results of the exercise of the vested discretion of the public employees committing such acts, for which these answering defendants are not liable by reason of California Government Code Sections 815.2 and 820.2.

16. The acts complained of, if any there were, were the result of the execution and/or enforcement of law by public employees exercising due care, for which these answering defendants are not liable by reason of Government Code Sections 815.2 and 820.4.

17. The acts complained of, if any there were, were undertaken by public employees acting in good faith, without malice, under the apparent authority of an enactment, for which this answering defendants are not liable by reason of California

Government Code Sections 815.2 and 820.6.

18. Plaintiff has failed to make timely and proper claims to these answering defendants, as required by California Government Code sections 905, 910, 911.2, and related actions.

19. Punitive damages cannot be recovered from defendant CITY. (California Government Code Section 818).

21. The discretional conduct of public employee defendants did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *(Harlow v. Fitzgerald, (1982) 457 U.S. 800)*.

**III.**

**DEMAND FOR JURY TRIAL**

22. Defendants CITY, AZVARAND, DUNN and ULRING demand a trial by jury of the above-entitled matter.

WHEREFORE, Defendants CITY, AZVARAND, DUNN and ULRING request that the Court enter judgment in their favor, as follows:

1. That the plaintiff's claim be dismissed with prejudice, and that she take nothing by reason of her First Amended Complaint, and that judgment be entered in favor of Defendants CITY, AZVARAND, DUNN and ULRING.

2. That the defendants CITY, AZVARAND, DUNN and ULRING be awarded their costs of suit and attorneys fees; and

3. That the Court grant defendants CITY, AZVARAND, DUNN and ULRING such further relief as the Court may deem just and proper.

Dated: November 11, 2010

SCOTT & NICHOLS
Professional Law Corporation

*/s/ William S. Scott*

WILLIAM S. SCOTT
Attorneys for Defendants