JOHN L. BURRIS, Esq./ State Bar #69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 452-5500
Facsimile; (510) 452-5510

Attorney for Plaintiff

DIONNE SMITH-DOWNS, an Individual,
and as the Successor-In-Interest to the
Estate of JAMES E. RIVERA, JR.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIONNE SMITH-DOWNS, an Individual, and as the Successor-In- Interest To the Estate of JAMES E. RIVERA, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF STOCKTON, a municipal Corporation; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; COUNTY OF SAN JOAQUIN, A municipal corporation; Sheriff STEVE MOORE And Does 1 through 20,<br><br>Defendants. | CASE NO.: 2:10-cv-02495-MCE-GGH<br><br>**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date: January 13, 2011<br>Time: 2:00 p.m.<br>Courtroom: 7<br>Judge: Hon. Morrison C. England<br><br>Complaint Filed: September 15, 2010<br>Trial Date: N/A |

COMES NOW John L. Burris, Attorney for the Plaintiff Dionne Smith-Downs in opposition to the County Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. The factual and legal points and authorities in support for this opposition are set forth below.

Defendants, CITY OF STOCKTON, (hereinafter "CITY") a municipal corporation duly organized and existing under the laws of the State of California,

COUNTY OF SAN JOAQUIN (hereinafter "the COUNTY",) a governmental entity located within the State of California, BLAIR UHRLING, at all relevant times the Chief of Police for the CITY, ERIC AZARVARD and GREGORY DUNN, at all relevant times employed as police officers for the CITY, STEVE MOORE, at all relevant times the Sheriff of the COUNTY, JOHN NESBITT, at all relevant times a Deputy Sheriff for the COUNTY, were all sued in their individual and/or official capacities for their parts in the death of JAMES E. RIVERA, JR., the Decedent, a 16-year-old minor child, for a violation of his Fourth Amendment rights under the United States Constitution. The suit also cited the violation of the Constitution's 14th Amendment on behalf of the decedent's mother DIONNE SMITH-DOWNS. The FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS pursuant to 42 U.S.C. Section 1983 was filed on September 22, 2010.

Defendants, by and through the San Joaquin Office of County Counsel filed, on November 5, 2010, the above-referenced Motion to Dismiss the Complaint for Failure to State a Claim. For the reasons set forth below, we oppose this motion.

Defendants' Motion asserts that (1) Plaintiff Dionne Smith-Downs has not been shown to be the decedent's successor in interest; (2) that Plaintiff's Complaint does not adequately allege that Deputy John Nesbitt unlawfully apprehended James Rivera "pursuant to an official County policy or custom that the County knew was likely to result in harm" when he participated in the fatal shooting. See Defendants' Motion at 2; and (3) finally that there was no 14th Amendment violation because "Plaintiff has failed to allege that Deputy Nesbitt acted with deliberate indifference sufficient to shock the conscience." Id.

None of these assertions have merit. First, the Decedent's mother, Dionne Smith-Downs, was clearly identified in the First Amended Complaint as "Decedent's successor in interest to prosecute for violation of Decedent's 4th Amendment rights." See Id. At Paragraph 4.

Next, Deputy Sheriff Nesbitt is among those law enforcement officers named in the First Amended Complaint as participating in the shooting of the unarmed minor child, James Rivera, Jr. on July 22, 2010 in Stockton, California. The excessive force used in this shooting of an unarmed minor who posed no threat to the law enforcement officers involved cannot be characterized as anything near a County policy or custom that the County would *not* know "was likely to result in harm." See County's Motion at 2.

Finally, the assertion in the County's Motion that Plaintiff's Second Cause of Action fails to allege that Deputy Nesbitt acted with deliberate indifference sufficient to shock the conscience flagrantly ignores the fact that an unarmed youth was shot numerous times by the Deputy Sheriff and other law enforcement officers within the scope and course of their official duties while he posed no threat to any of them. Moreover, it was plainly stated in the First Amended Complaint that the law enforcement officers were observed to laugh loudly and give one another "high fives" following the shooting, indifference that would shock any conscience.

**DISCUSSION**

Defendants note that under Rule 8(a)(2) of the Federal Rules of Civil Procedure ("FRCP") a pleading must contain a "short and plain showing that the pleader is entitled to relief." In fact, Plaintiffs' pleading contains just that, as well as

the requirement of FRCP Rule 8(a)(3) that the complaint state "a demand for the relief sought." See Complaint at Page 5. The Complaint is forthright in giving defendants' fair notice of what the claim is and the grounds upon which it rests, pursuant to the requirements, cited by defendants, of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). The Court in Twombly held that a complaint must allege enough facts to state a claim for relief that is plausible on its face. The Complaint states clearly that the ramming of the Decedent's van "and the subsequent shooting" were unreasonable under the circumstances and violated his United States Constitutional Fourth Amendment right not to be subjected to unreasonable seizure.

Moreover, the Complaint is explicit in the relief it seeks: general damages in the amount of $10,000,000.00, punitive damages against each defendant officer in the amount of $500,000.00, and special damages in an amount to be determined at trial.

Defendants' motion is filed pursuant to FRCP 12(b)(6). Rule 12(b)(6) is specific in its requirement that no claim will be dismissed merely because the trial judge disbelieves the allegation or feels that recovery is remote or unlikely. See Bell Atlantic Corp. v. Twombly, *Supra*. A Complaint must merely contain enough information to give defendants fair notice of both the Complaint's claims and the grounds for those claims. Tellabs, Inc. v. Makor Issues and Rights, Ltd., 551 U.S. 308, 319 (2007). The Complaint in this matter goes far beyond that requirement. The factual statements, set forth in detail in the Complaint, and recounted, as well, in Defendants' motion are plain and simple. An unarmed youth was shot multiple times by members of the Stockton Police Department and the San Joaquin Sheriff's Department. The incident resulted in his death.

There is no merit to the argument in Defendants' motion that the Decedent's mother lacks standing to file a lawsuit in Federal Court. First, Defendants' arguments rely totally on the laws of the State of California rather than the laws of the United States, under which the jurisdiction of this Court arises. Additionally, there is no lack in the Complaint of the Decedent's name, nor the date and place of his death. There are no proceedings pending in California for administration of the Decedent's estate. He was a sixteen-year-old boy. Plaintiff was, until his death, his mother. The citations to the Civil Procedures of the State of California before this Court are an inapt and unfortunate attempt to evade a viable Complaint for violations by Defendants' of Federal Constitutional law.

For the above-stated reasons, Plaintiffs respectfully move this Court to dismiss Defendants' Motion to Dismiss.

///

DATED: December 31, 2010

Respectfully Submitted

/s/ John L. Burris
John L. Burris
Attorney for the Plaintiff