OFFICE OF THE COUNTY COUNSEL
County of San Joaquin
MATTHEW P. DACEY, CSB #196943
JASON R. MORRISH, CSB #192686
ROBERT E. O'ROURKE, CSB #127935
Deputy County Counsel
44 N. San Joaquin Street, Suite 679
Stockton, California 95202
Telephone: (209) 468-2980

Attorneys for Defendants,
COUNTY OF SAN JOAQUIN,
STEVE MOORE and JOHN NESBITT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIONNE SMITH-DOWNS, an individual, and as the Successor-in-Interest to the Estate of JAMES E. RIVERA, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; COUNTY OF SAN JOAQUIN, a municipal corporation; Sheriff STEVE MOORE and Does 1 through 20,<br><br>Defendants. | Case No. 2:10-cv-02495-MCE-GGH<br><br>**COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date: January 13, 2011<br>Time: 2:00 p.m.<br>Courtroom: 7<br>Judge: Hon. Morrison C. England<br><br>Complaint Filed: September 15, 2010<br>Trial Date: N/A |

Defendants, COUNTY OF SAN JOAQUIN, a political subdivision of the State of California ("County"), STEVE MOORE ("Sheriff Moore") and JOHN NESBITT ("Deputy Nesbitt"), hereinafter collectively as "County Defendants," respectfully submit this reply to the opposition of Plaintiff, DIONNE SMITH-DOWNS ("Plaintiff"), to their motion to dismiss the first amended complaint for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil

Procedure.

## I. INTRODUCTION

Plaintiff's untimely opposition is long on argument, but short on authority. Rather than validate it with a point-by-point response, this reply brief seeks to bring the Court's attention back to the fundamental questions posed in the moving papers: (1) Does the amended complaint allege sufficient facts to state a claim under a cognizable legal theory; and (2) Even if it does, has Plaintiff established the legal capacity to bring such a claim? Because the simple answer to both of these questions is "no," and because Plaintiff's opposition was not filed in accordance with this Court's Local Rules, the first amended complaint should be dismissed.

## II. DISCUSSION

### A. Plaintiff's allegations fail to state a cognizable 4th Amendment claim.

County Defendants' moving papers correctly point out that the allegations contained in the first amended complaint fail to state that: (1) Deputy John Nesbitt unlawfully apprehended Decedent pursuant to an official County policy or custom that the County knew was likely to result in harm; or (2) Deputy Nesbitt had final policy making authority with respect to the use of force in the apprehension of criminal suspects. Instead of acknowledging this shortcoming in the amended complaint, and pledging to repair it, Plaintiff asks the court to infer County Defendants' alleged misconduct from a recitation of legal conclusions couched as factual allegations. 42 U.S.C. §1983 does not permit such inferences on a 4th Amendment claim.

Plaintiff contends that her claim is properly pled because "[t]he excessive force used in this shooting of an unarmed minor who posed no threat to the law enforcement officers involved cannot be characterized as anything near a County policy or custom that the County would not know was likely to result in harm." See Plaintiff's Opposition to County Defendants' Motion to Dismiss, Docket No. 14 on file herein ("Plaintiff's Opposition"), at 3:9-12.[1] Aside from one very critical fact - there is no allegation in the amended complaint that James Rivera, Jr., was unarmed - Plaintiff's

---

[1] Plaintiff's Opposition is not actually paginated as required by the Court's Local Rules. See L.R. 130(d). As such, references to page numbers in Plaintiff's Opposition shall rely upon the pagination applied by the Court's electronic filing system.

convoluted sentence still fails to identify any County policies or customs. Case law makes it clear that factual allegations must permit the court to infer "more than the mere possibility of misconduct." Ashcroft v Iqbal, ___U.S.___, 129 S.Ct. 1937, 1949-1950 (2009). Unless the allegations rise to this level, a complaint does not show that the pleader is entitled to relief and it fails as a matter of law. Id. Here, neither the amended complaint nor Plaintiff's Opposition identify a single policy or custom attributable to the County or Sheriff Moore, nor do they even attempt to explain how Deputy Nesbitt might have had the "policy making authority" necessary to show that the County was the "moving force" behind the alleged injury. Board of County Comm'rs v. Brown, 520 U.S. 397, 403-05, 117 S.Ct. 1382 (1997). Even construed in the light most favorable to Plaintiff, the unsupported conclusions of the first amended complaint are insufficient to support a cognizable 4th Amendment claim.

**B. Plaintiff's allegations fail to state a cognizable 14th Amendment claim.**

Plaintiff contends that her 14th Amendment rights to enjoy family relations with Decedent were violated as a result of Defendants' excessive use of force. See First Amended Complaint, ¶15. Plaintiff has again failed to provide a factual basis to advance her claim. The law requires factual allegations of official conduct that shock the conscience in depriving parents of that interest. Porter v. Osborn, 546 F.3d 1131 (9th Cir. 2008). As stated in the moving papers, Plaintiff's allegations of "unreasonable" conduct are not enough, particularly where a law enforcement officer must make a snap judgment because of an escalating situation. Id. Tellingly, Plaintiff's opposition fails to address the legal authority of Porter on this issue, concluding instead that County Defendants' motion "flagrantly ignores the fact that an unarmed youth was shot numerous times by the Deputy Sheriff and other law enforcement officers within the scope and course of their official duties while he posed no threat to any of them." See Plaintiff's Opposition at 3:17-20. Again, if Rivera was unarmed, that fact is not alleged in the amended complaint. What is alleged is a factual situation - a fleeing criminal suspect at large in a residential neighborhood - which requires more than deliberate indifference. It requires a purpose to harm unrelated to legitimate law enforcement goals. See Porter v. Osborn, supra, 546 F.3d at 1140; see also Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010). Plaintiff has not - and cannot - make that allegation here.

**C. Plaintiff lacks capacity.**

Plaintiff finds no merit in County Defendants' argument that Decedent's mother lacks "standing to file a lawsuit in Federal Court" because it "[relies] totally on the laws of the State of California rather than the laws of the United States." Plaintiff's Opposition at 5:2-4. The legal authority cited in the moving papers, however, proves Plaintiff's assertions to be specious. First, County Defendants do not challenge Plaintiff's "standing" to pursue a lawsuit - they challenge her "capacity." The ***federal*** cases cited by County Defendants make it plain that a "party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets the state's requirements for bringing a survival action." Estate of Burkhart v. United States, 2008 U.S. Dist. LEXIS 65893 (N.D. Ca.2008), quoting Moreland v. Las Vegas Metro. Police Dep't 159 F.3d 365, 369 (9th Cir.1998). Plaintiff has unquestionably failed to comply with these prerequisites. On that basis, her amended complaint must be dismissed.

**D. Plaintiff's Opposition should be dismissed for failure to comply with Local Rules.**

Plaintiff's Opposition was not filed until January 3, 2011 - a full fifty-nine days after County Defendants' motion was filed and barely ten days before the scheduled hearing date. L.R. 230(c) requires opposition papers to be filed and served no later than fourteen days before the hearing date. This Court may impose sanctions up to and including dismissal for the failure of counsel to comply with Local Rules. See L.R. 110, Fed.R.Civ.Proc. 41. At the very least, Plaintiff's untimeliness precludes her from being heard in opposition to the motion at any oral argument. Id.

In addition to her Opposition's lack of compliance with Court rules, and despite the inordinate amount of time to respond, Plaintiff has also failed to request leave to amend. Evidently, she believes her First Amended Complaint and Opposition pass muster on their own merit. County Defendants submit, and by the papers on file herein have demonstrated, that she is wrong.

## III. CONCLUSION

Plaintiff has not stated a valid claim against any of the County Defendants. For this reason, and those discussed above, County Defendants respectfully request that Plaintiff's First Amended

Complaint be dismissed.

Dated: January 6, 2011

OFFICE OF THE COUNTY COUNSEL

By: /s/ Jason R. Morrish
JASON R. MORRISH
Deputy County Counsel

Attorneys for County Defendants