UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS, as successor and interest to Decedent James Earl Rivera, Jr., <br><br>    Plaintiff, <br><br>  v. <br><br> CITY OF STOCKTON, et al., <br><br>    Defendants. | No. 2:10-cv-02495-MCE-GGH <br><br><br><br><br> MEMORANDUM AND ORDER |

----oo0oo----

Plaintiff Dionne Smith-Downs ("Plaintiff") seeks redress from Defendants San Joaquin County, the City of Stockton, and individually named police officers Eric Azarvant, Gregory Dunn, Deputy Sheriff John Nesbitt, Blair Ulring, and Sheriff Steve Moore (collectively, "Defendants") regarding a fatal incident between Defendants and Plaintiff's son, sixteen-year-old James Rivera ("Decedent").

///
///

1

1  Presently before the Court is Defendants' Motion to Dismiss
2 Plaintiff's First Amended Complaint for failure to state a claim
3 upon which relief may be granted, pursuant to Federal Rule of
4 Civil Procedure 12(b)(6).[1]

5  On July 22, 2010, Decedent was pursued by Stockton police
6 after being observed driving a suspected-stolen van through a
7 residential neighborhood.  During the pursuit, several police
8 cars deliberately struck the van while Decedent was inside, which
9 caused Decedent to lose control of the van and crash into a wall.
10 At some subsequent point, officers repeatedly discharged their
11 firearms toward Decedent, who died as a result of the gunshot
12 wounds he sustained.  The officers were observed laughing and
13 "high-fiving" each other after the shooting.

14  Plaintiff alleges violations of federal law and requests
15 relief accordingly.  However, as a threshold matter, Defendants,
16 in their Motion to Dismiss, argue that Plaintiff lacks standing
17 to bring suit because she has failed to comply with California
18 law.

19  California Code of Civil Procedure § 377.32 states that one
20 who "seeks to commence an action or proceeding...as the
21 decedent's successor in interest under the article, shall execute
22 and file an affidavit or a declaration under penalty of perjury"
23 that confirms decedent's personal information, the facts of their
24 death, and other information confirming that the plaintiff is the
25 proper successor to decedent's interests.
26 ///

27
28  [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

A certified copy of the decedent's death certificate is required to also be attached to the affidavit or declaration. Id.

It is clear in this circuit that standing "is a threshold issue that precedes consideration of any claim on the merits." Cotton v. City of Eureka, 2010 WL 5154945 at *3 (N.D. Cal. 2010), citing Moreland v. City of Las Vegas, 159 F.3d 365, 369 (9th Cir. 1998). Any party who seeks to "bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing [it]." Moreland, 159 F.3d at 369.

The Court is not in receipt of any affidavit or declaration from Plaintiff that complies with California Civil Code § 377.32, and the docket is similarly void of any documentation or proof of Plaintiff's valid status as Decedent's successor in interest. Since standing is a threshold matter, the Court cannot move forward on the case's merits.[2]

Therefore, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 9) is GRANTED with leave to amend. Plaintiff has not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.

///
///
///

---

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument. E.D. Cal. Local Rule 230 (g).

3

1  If no amended complaint is filed within said twenty (20)-day
2  period, without further notice, Plaintiff's claims will be
3  dismissed without leave to amend.
4      IT IS SO ORDERED.

Dated: January 26, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4