LAW OFFICES OF JOHN BURRIS
JOHN L. BURRIS, ESQ (SBN 69888)
STEVEN R. YOURKE (SBN 118506)
7677 Oakport St., Suite 1120
Oakland, CA  94621
Phone: (510) 839-5200
Fax: (510) 839-3882

Attorneys for Plaintiff
DIONNE SMITH-DOWNS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS, an individual, and as the Successor-In-Interest to the Estate of JAMES E. RIVERA, Jr., | CASE NO.: 2:10-cv-02495 MCE-GGH |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| vs. | Date: April 7, 2011<br>Time: |
| CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; Sheriff STEVE MOORE and Does 1 though 20, | Courtroom:<br>Honorable Judge Morrison C. England |
| Defendants. | |

COMES NOW John L. Burris, Attorney for Plaintiff Dionne

Smith-Downs in opposition to the County Defendants' Motion to Dismiss

Plaintiff's Second Amended Complaint for failure to state a claim for relief

under Federal Rules of Civil Procedure, Rule 12(b)(6).  The factual and legal

points and authorities in support for this opposition are set forth below.

1

_____
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT**
CASE NO.: 2:10-cv-02495 MCE-GGH

1

2

## **INTRODUCTION**

3

4
        This action arises from the shooting death of sixteen-year-old Decedent

5
James Rivera by Modesto police officers Defendants Azarvand, Dunn and

6
Deputy Sheriff Nesbitt on July 22, 2010 in Stockton, California.

7
        On November 5, 2010, County Defendants filed a Motion to Dismiss

8
Plaintiff's First Amended Complaint claiming that: 1) Plaintiff failed to show

9
that she was Decedent's successor in interest; 2) that Plaintiff failed to

10
adequately allege Decedent was unlawfully apprehended "pursuant to an

11
official County policy or custom;" and that 3) Plaintiff failed to allege

12

13
Defendants acted with deliberate indifferent sufficient to shock the

14
conscience.  On January 27, 2011, this Court issued an Order specifically

15
addressing the issue of Plaintiff following California Code of Civil Procedure

16
section 377.32 to adequately establish her status as successor in interest.  To

17
this end, this Court granted the Motion to Dismiss and granted Plaintiff leave

18
to amend to allow her to file a declaration and attendant Death Certificate in

19
conformity with this Court's Order.  This Court's Order was silent as to

20

21
Defendants' remaining arguments.  On February 16, 2011, Plaintiff filed her

22
Second Amended Complaint addressing the issues elucidated by this Court in

23
its Order.

24
        In their Motion to Dismiss Plaintiff's Second Amended Complaint,

25
Defendants charge that Plaintiff's successor-in-interest declaration "fails to

26
pass muster" and that Plaintiff failed to address the "substantive

27

28
_____  2

shortcomings" of the original complaint.  Again, Defendants' assertion lack

merit.  Plaintiff addressed this Court's only assignment of error regarding the

original complaint by properly submitting a successor in interest declaration

and Decedent's Death Certificate and properly alleged municipal liability and

a claim for violation of Plaintiff's Fourteenth Amendment rights.

## **DISCUSSION**

### A.    **Standards Governing Motions to Dismiss**

Federal Rules of Civil Procedure, Rule 8(a)(2) requires that a pleading

must contain a "short and plain showing that the pleader is entitled to relief."

Rule 8 of the Federal Rules of Civil Procedure provides for notice pleading

ra1ther than fact pleading, "a pleading which sets forth a claim for relief...

shall contain (1) a short and plain statement of the grounds upon which the

court's jurisdiction depends... (2) a short and plain statement of the claim

showing that the pleader is entitled to relief, and (3) a demand for judgment

for the relief to which he deems himself entitled."  FRCP 8.

Federal Rules of Civil Procedure, Rule 12(b)(6) motion to dismiss tests

the formal sufficiency of the complaint.  There is strong presumption against

dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev.*

*Corp.,* 108 F.3d 246, 249 (9th Cir. 1997).  The Rule 12(b)(6) issue is not

whether the plaintiff will ultimately prevail, but whether the plaintiff is

entitled to offer evidence to support the claims.  *Jackson v. Carey,* 353 F .3d

750, 755 (9th Cir. 2003).  The court may grant a motion to dismiss for failure

to state a claim when the complaint does not contain "enough facts to state a

1   claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937,

2   1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547

3   (2007)).  To be facially plausible, the claim must have enough factual content

4   to allow "the court to draw the reasonable inference that the defendant is liable

5   for the misconduct alleged." *Id.* (internal quotation marks omitted). A

6   formulaic recitation of a cause of action with conclusory allegations is not

7   enough. *Id.*

8

9         Leave to amend "shall be freely given when justice so requires."  Federal

10  Rule Civil Procedure, Rule 15(a); see *DeSoto v. Yellow Freight Sys., Inc.*, 957

11  F.2d 655, 658 (9th Cir. 1992) (when a Rule 12(b)(6) motion is granted, leave to

12  amend is ordinarily denied only when it is clear that the deficiencies of the

13  complaint cannot be cured by amendment).  When considering whether

14  plaintiff has stated a claim upon which relief can be granted, this Court

15  accepts as true all allegations of material fact in the complaint and construes

16  them in the light most favorable to plaintiff.  *See, McGary v. City of Portland,*

17  386 F.3d 1259, 1261 (9th Cir. 2004); *Russell v. Landrieu,* 621 F.2d 1037, 1039

18  (9th Cir. 1980).

19

20  **B. Plaintiff's Successor-in-Interest Declaration Adequately Establishes**

21  **Her Capacity to Bring this Action**

22

23        This Court ordered Plaintiff to file a successor-in-interest declaration

24  and attendant death certificate with the Second Amended Complaint, to which

25  Plaintiff complied.  Defendants claim that Plaintiff's declaration is inadequate.

26

27

28  _____   4

1    Plaintiff maintains that the declaration adequately establishes her status as

2    successor-in-interest.

3         A plaintiff who brings a wrongful death suit as an heir must establish the

4    absence of issue by the decedent and the entitlement or propriety of the heir to

5    seek recovery under § 377.60, i.e. that the heir actually has standing under §

6    377.60.  *See Nelson v. County of Los Angeles,* 113 Cal.App.4th 783, 789

7    (2004).  California Code of Civil Procedure section 377.60(a) gives standing

8    to "heirs" if those persons " 'who would be entitled to the property of the

9    decedent by intestate succession,' but only 'if there is no surviving issue of

10   the decedent.' " Cal.Code Civ. Pro. § 377.60(a)).  A decedent's parents

11   become heirs under the wrongful death statute when there is no surviving

12   issue. Cal.Code Civ. Pro. § 377.60(a); Cal. Prob.Code, § 6402(b).  A parent

13   may only assert a wrongful death claim if there are no children or issue or if

14   he or she is "dependent on the decedent."  Cal.Code Civ. Pro. § 377.60(b).

15        "A claim under 42 U.S.C. § 1983 survives the decedent if the claim

16   accrued before the decedent's death, and if state law authorizes a survival

17   action."  *Tatum v. City & County of San Francisco,* 441 F.3d 1090, 1094 n. 2

18   (9th Cir.2006) (citing 42 U.S.C. § 1988(a)).  "Under California law, if an

19   injury giving rise to liability occurs before a decedent's death, then the claim

20   survives to the decedent's estate." *Tatum,* 441 F.3d at 1094 n. 2 (citing Cal.

21   Civ. P.Code § 377 .30). "Where there is no personal representative for the

22   estate, the decedent's 'successor in interest' may prosecute the survival action

23   if the person purporting to act as successor in interest satisfies the

_____
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**THE SECOND AMENDED COMPLAINT**
CASE NO.: 2:10-cv-02495 MCE-GGH

1   requirements of California law...." *Id.* (citing Cal. Civ.P. Code §§ 377.30,

2   377.32).  A "'decedent's successor in interest' means the beneficiary[1] of the

3   decedent's estate or other successor in interest who succeeds to a cause of

4   action or to a particular item of the property that is the subject of a cause of

5   action."  Cal.Code Civ. Pro. § 377.11.

6

7          As stated in her declaration, Plaintiff is Decedent Rivera's mother,

8   Decedent Rivera was unmarried and had no children and thereby there is no

9   one with a superior claim in interest than her.  As successor in interest,

10  Plaintiff represents the interest of Decedent's Fourth Amendment claims.

11  Plaintiff also files individually for her own claims pursuant to the Fourteenth

12  Amendment.  Defendants claim that the existence of Decedent's father renders

13  Plaintiff's declaration factually unsupported.  As Defendants acknowledge

14  Decedent's father, at most, has the same capacity as Plaintiff to be successor

15  in interest; and he, apparently, has not endeavored to do so.  Plaintiff's

16

17  _____

18       [1] "Beneficiary of the decedent's estate" means:

19       (a) If the decedent died leaving a will, *the sole beneficiary or all of the*
    *beneficiaries who succeed to a cause of action*, or to a particular item of
20  property that is the subject of a cause of action, under the decedent's will.

21

22       (b) If the decedent died without leaving a will, *the sole person or all of the*
    *persons who succeed to a cause of action*, or to a particular item of property
23  that is the subject of a cause of action, under Sections 6401 and 6402 of the
    Probate Code or, if the law of a sister state or foreign nation governs
24  succession to the cause of action or particular item of property, under the law
    of the sister state or foreign nation.

25

26       Cal Code Civ Pro. § 377.10 (emphasis added).

27

28  _____   6

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**THE SECOND AMENDED COMPLAINT**
CASE NO.: 2:10-cv-02495 MCE-GGH

counsel does not have a client relationship Decedent's father and has no basis of knowledge as to his intentions regarding Decedent's estate.  However, Plaintiff maintains that none of this is Defendants concern, as they claim. In any event, Decedent's father is a beneficiary and his ability to file a lawsuit addressing his individual Fourteenth Amendment claims is undisturbed.  See Cal.Code Civ.P § 377.10.

**C. Plaintiff has Properly Alleged Fourth and Fourteenth Amendment Violations**

Defendants charge that Plaintiff has failed to allege facts sufficient to state a claim asserting Fourth and/or Fourteenth Amendment violations.  This Court was silent as to these arguments in its Order on Defendants original Motion to Dismiss.  However, Plaintiff maintains that she has properly alleged claims for Fourth and Fourteenth Amendment violations and any deficiencies can be easily corrected by amending the complaint, if this Court so deems as necessary.

### 1. Shocks the Conscience

Under the Fourteenth Amendment, "only official conduct that 'shocks the conscience' is cognizable as a due process violation."  *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).  The Ninth Circuit treats the "shocks the conscience" test as one involving a spectrum between a "deliberate indifference" standard and a "purpose to harm" standard.  *Id*.  "[T]he critical question in determining the appropriate standard of culpability [i.e. whether deliberate indifference is sufficient to shock the conscience, or whether the

1    more demanding standard of purpose to harm is required, as urged here by

2    Defendants,] is whether the circumstances allowed the state actors time to

3    fully consider the potential consequences of their conduct."  *Moreland v. Las*

4    *Vegas Metro. Police Dep't*, 159 F.3d 365, 373 (9th Cir. 1998) (citations

5    omitted).  This is so because an officer faces a "fast paced, evolving situation

6    presenting competing obligations with insufficient time for the kind of actual

7    deliberation required for deliberate indifference.  *Porter, supra* at 1142.

8    Where actual deliberation is practical, then an officer's "deliberate

9    indifference" may suffice to shock the conscience.  *Wilkinson v. Torres*, 610

10   F.3d 546, 554 (9th Cir. 2010).  A purpose to harm is unrelated to legitimate law

11   enforcement objectives.  *Id.*

12          Here, Decedent's vehicle had come to a stop prior to the Defendant

13   Officers opening fire on him, providing them an opportunity to reflect on their

14   actions and assess that the shooting was not necessary.  Therefore, the

15   "deliberate indifference" standard is applicable here.  In any event, the fact

16   that Defendant Officers slapped hands and congratulated each other after the

17   shooting is behavior that evinces that their actions was unrelated to a

18   legitimate law enforcement objective and satisfies the "purpose to harm"

19   standard as well.

20          *2. Monell Liability*

21          Plaintiff believes that the discovery process will vet out that the

22   Defendant Officers' egregious and unlawful behavior was tacitly endorsed by

1  Defendants County and Moore evincing a policy and custom within the

2  Sheriff's Department which is spearheaded by Defendant Moore.

3                                   **CONCLUSION**

4
          Plaintiff urges this Court to reject Defendant County's motion to
5
   dismiss.  In the alternative, Plaintiff seeks leave of the Court to amend the
6
   Complaint to include any inadvertently omitted references and any other
7
   pleading deficiencies this Court ascribes.
8

9

10   Dated: March 24, 2011              **LAW OFFICE OF JOHN BURRIS**

11

12

13                                      /s/ John L. Burris              _____
                                        John L. Burris
14                                      Steven R. Yourke
                                        Attorneys for Plaintiffs
15

16

17

18

19

20

21

22

23

24

25

26

27

28
   _____  9