UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIONNE SMITH-DOWNS, as successor and interest to Decedent James Earl Rivera, Jr.,

    Plaintiff,

  v.

CITY OF STOCKTON, et al.,

    Defendants.

No. 2:10-cv-02495-MCE-GGH

<u>ORDER</u>

----oo0oo----

Plaintiff Dionne Smith-Downs ("Plaintiff") seeks redress from Defendants San Joaquin County, the City of Stockton, and individually named police officers Eric Azarvant, Gregory Dunn, Deputy Sheriff John Nesbitt, Blair Ulring, and Sheriff Steve Moore (collectively, "Defendants") regarding a fatal incident between Defendants and Plaintiff's son, sixteen-year-old James Rivera ("Decedent").

///

///

1

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For a recitation of the facts, see the Court's previous order (ECF No. 17).[2]

California Code of Civil Procedure § 377.32 states that one who "seeks to commence an action or proceeding...as the decedent's successor in interest under the article, shall execute and file an affidavit or a declaration under penalty of perjury" that confirms decedent's personal information, the facts of their death, and other information confirming that the plaintiff is the proper successor to decedent's interests.  A certified copy of the decedent's death certificate is required to also be attached to the affidavit or declaration.  Id.

For purposes of this statute, a successor in interest is "the beneficiary of the decedent's estate."  Id. § 377.11.  When a decedent does not leave a will, a beneficiary of the decedent's estate is defined under the statute as "the sole person or all of the persons who succeed to a cause of action."  Id. § 377.10.  Plaintiff's declaration to the Court must definitively prove she is the sole person to succeed Decedent's interests.  As Plaintiff concedes, Decedent's father is a beneficiary. (See Plaintiff's Opp., ECF No. 29, at 7.)

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

2

1  Therefore, Decedent's father must be properly identified as part
2  of Decedent's successor in interest, or be clearly excluded, for
3  Plaintiff's claims to have proper jurisdiction.
4       Once the court grants a motion to dismiss, they must then
5  decide whether to grant a plaintiff leave to amend.  Rule 15(a)
6  authorizes the court to freely grant leave to amend when there is
7  no "undue delay, bad faith, or dilatory motive on the part of the
8  movant." Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
9  leave to amend is generally only denied when it is clear that the
10 deficiencies of the complaint cannot possibly be cured by an
11 amended version.  See DeSoto v. Yellow Freight Sys., Inc.,
12 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
13 Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
14 not be dismissed under Rule 12(b)(6) unless it appears beyond
15 doubt that the plaintiff can prove no set of facts in support of
16 his claim which would entitle him to relief.") (internal
17 citations omitted).
18      Therefore, Defendants' Motion to Dismiss Plaintiff's Second
19 Amended Complaint (ECF No. 9) is GRANTED with leave to amend.
20 Since Plaintiff's deficiencies may be resolved by further
21 amendment, and Plaintiff has not demonstrated any bad faith or
22 other malicious conduct, she may file an amended complaint not
23 later than twenty (20) days after the date this Memorandum and
24 Order is filed electronically.
25 ///
26 ///
27 ///
28 ///

3

1  If no amended complaint is filed within said twenty (20)-day
2  period, without further notice, Plaintiff's claims will be
3  dismissed without leave to amend.
4      IT IS SO ORDERED.
5
 Dated: April 6, 2011
6
7  _____
8  MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE