UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

| | |
|---|---|
| DIONNE SMITH-DOWNS, as successor and interest to Decedent James Earl Rivera, Jr., | No. 2:10-cv-02495-MCE-GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

----oo0oo----

Plaintiff Dionne Smith-Downs ("Plaintiff") seeks redress from Defendants San Joaquin County, the City of Stockton, and individually named police officers Eric Azarvant, Gregory Dunn, Deputy Sheriff John Nesbitt, Blair Ulring, and Sheriff Steve Moore (collectively, "Defendants") regarding a fatal incident between Defendants and Plaintiff's son, sixteen-year-old James Rivera ("Decedent").

///
///
///

1

1   Presently before the Court is Defendants' Motion to Dismiss
2 Plaintiff's Third Amended Complaint for failure to state a claim
3 upon which relief may be granted, pursuant to Federal Rule of
4 Civil Procedure 12(b)(6).
5   It is clear in this circuit that standing "is a threshold
6 issue that precedes consideration of any claim on the merits."
7 Cotton v. City of Eureka, 2010 WL 5154945 at *3 (N.D. Cal. 2010),
8 citing Moreland v. City of Las Vegas, 159 F.3d 365, 369 (9th Cir.
9 1998). Any party who seeks to "bring a survival action bears the
10 burden of demonstrating that a particular state's law authorizes
11 a survival action and that the plaintiff meets that state's
12 requirements for bringing [it]." Moreland, 159 F.3d at 369.
13   California Code of Civil Procedure § 377.32 states that one
14 who "seeks to commence an action or proceeding . . . as the
15 decedent's successor in interest under the article, shall execute
16 and file an affidavit or a declaration under penalty of perjury"
17 that confirms decedent's personal information, the facts of their
18 death, and other information confirming that the plaintiff is the
19 proper successor to decedent's interests. A certified copy of
20 the decedent's death certificate is required to also be attached
21 to the affidavit or declaration. Id.
22   For purposes of this statute, a successor in interest is
23 "the beneficiary of the decedent's estate." Id. § 377.11. When
24 a decedent does not leave a will, a beneficiary of the decedent's
25 estate is defined under the statute as "the sole person or all of
26 the persons who succeed to a cause of action." Id. § 377.10.
27 ///
28 ///

1     In two previous orders, the Court requested appropriate
2 documentation proving that Plaintiff complied with the
3 requirements under California Code of Civil Procedure.  The Court
4 is in receipt of both Plaintiff's Declaration, as well as the
5 declaration of decedent's father, James E. Rivera, Sr.  However,
6 the declarations still fail to comply with California Code.  Each
7 declarant now states that they alone are the decedent's successor
8 in interest, and that "[n]o other person has a superior right to
9 commence the action" in this Court.  Such cannot be the case.
10 Either both Mr. Rivera and Ms. Smith-Downs are BOTH successors in
11 interest as defined by section 377 and therefore both necessary
12 parties to the instant suit, or one has a superior right to
13 commence the action, and there is some legal explanation for the
14 parties' decision to include only one parent in the instant suit.
15 Since standing continues to be a threshold matter, the Court
16 cannot move forward on the case's merits.[1]

17     Therefore, Defendants' Motion to Dismiss Plaintiff's
18 Complaint (ECF No. 35) is GRANTED with leave to amend.  Plaintiff
19 may file an amended complaint not later than twenty (20) days
20 after the date this Memorandum and Order is filed electronically.
21 If no amended complaint is filed within said twenty (20)-day
22 period, without further notice, Plaintiff's claims will be
23 dismissed without leave to amend.
24 ///
25 ///

---

27     [1] Because oral argument will not be of material assistance,
28 the Court deemed this matter suitable for decision without oral
argument.  E.D. Cal. Local Rule 230 (g).

3

Notwithstanding this Order, The Court declines to provide Plaintiff with any additional attempts to correct their Complaint's defects, and will be granted no additional leave to amend.

　　　IT IS SO ORDERED.

Dated: June 8, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4