JOHN L. BURRIS, ESQ (SBN 69888)
BENJAMIN NISENBAUM Esq./State Bar #222173
LAW OFFICES OF JOHN BURRIS
7677 Oakport St., Suite 1120
Oakland, CA  94621
Phone: (510) 839-5200
Fax: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS and JAMES E. RIVERA, SR., both individually and as Successors-In-Interest to the Estate of JAMES E. RIVERA, Jr.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; COUNTY of SAN JOAQUIN, A municipal corporation; Sheriff STEVE MOORE and Does 1 though 20,<br><br>Defendants. | CASE NO.: 2:10-cv-02495 MCE-GGH<br><br>**FIFTH AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983)**<br><br>(**JURY TRIAL DEMANDED**) |

## INTRODUCTION

1.     This action arises from the shooting death of James Rivera, ("Decedent") a sixteen-year-old African-American male, by Modesto police officers ERIC AZARVAND and GREGORY DUNN and Deputy Sheriff JOHN NESBITT on July 22, 2010 in Stockton, California.

---
**FIFTH AMENDED COMPLAINT FOR DAMAGES**
**FOR VIOLATION OF CIVIL RIGHTS**
CASE NO.: 2:10-cv-02495 MCE-GGH

1

## JURISDICTION AND VENUE

2.   Plaintiffs sue for violation of civil rights pursuant to 42 U.S.C. §1983. This court has jurisdiction over such claims pursuant to 28 U.S.C. §§1331 and 1343.

3.   The acts and omissions giving rise to Plaintiffs' claims occurred in Stockton, California and therefore the appropriate venue for this action is the United States District Court for the Eastern District of California located in Sacramento, California.

## IDENTIFICATION OF PARTIES

4.   Plaintiff DIONNE SMITH-DOWNS is the mother of Decedent James Rivera, Jr. She sues in her own capacity for violation of her 14th Amendment right to enjoy continued family relations with her son, Decedent James Rivera, Jr. She also sues as Decedent's co-successor in interest to prosecute an action for violation of Decedent's 4th Amendment rights. Plaintiff is the decedent's co-successor in interest as defined in section 377.11 of the California Code of Civil Procedure. Attached hereto as Exhibit A to the Complaint is the Declaration of Dionne Smith-Downs and James Earl Rivera Sr., accompanied with a true and correct copy of Decedent James E. Rivera, Jr.'s certificate of death.

5.   Plaintiff JAMES EARL RIVERA, SR. is the father of Decedent James Rivera, Jr.  He sues in his own capacity for violation of his 14th Amendment

right to familial relations with his son, Decedent James Rivera, Jr.  He also sues as Decedent's co-successor in interest to prosecute an action for violation of Decedent's 4th Amendment rights.  Plaintiff is the decedent's co-successor in interest as defined in section 377.11 of the California Code of Civil Procedure. Attached hereto as Exhibit A to the Complaint is the Declaration of Dionne Smith-Downs and James Earl Rivera, Sr. accompanied with a true and correct copy of Decedent James E. Rivera, Jr.'s certificate of death.

6.       Defendant CITY OF STOCKTON (hereinafter "CITY") is a municipal corporation duly organized and existing under the laws of the State of California.

7.       Defendant BLAIR UHLRING was at all relevant times the Chief of Police for the City of Stockton and he committed the acts complained of herein while acting as such and he is sued herein in his official capacity.

8.       Defendants ERIC AZARVAND and GREGORY DUNN are and were at all relevant times employed as police officers by the CITY and committed the acts complained of herein while acting within the scope and course of their official duties as police officers. They are sued in both their individual and official capacities.

9.       Defendant SAN JOAQUIN COUNTY (hereinafter "COUNTY") is a municipal corporation duly organized and existing under the laws of the State of California.

10.     STEVE MOORE is and was at all relevant times the Sheriff of San Joaquin County and he committed the acts complained of herein while acting in his official capacity as Sheriff. He is sued in his official capacity.

11.     Deputy Sheriff JOHN NESBITT is and was at all relevant times employed as deputy sheriff for the COUNTY and committed the acts complained of herein while acting within the scope and course of his official duties as such. He is sued in both his individual and official capacities

12.     Plaintiffs are unaware of the true names of those persons sued herein as Does 1 through 20 and therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe that said defendants are police officers employed by the CITY and Deputy Sheriffs employed by the COUNTY and that their wrongful acts proximately caused Decedent's death. Defendants CITY and COUNTY have not provided substantive responses to Plaintiffs' requests for reports regarding the subject-incident and death of Decedent. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend the complaint to state the names and capacities of DOES 1 through 100, inclusive, when they have been ascertained.

13.     All defendants acted under color of law in committing the acts complained of herein.

14.    Plaintiffs demand a jury trial.

## STATEMENT OF FACTS

15.     As noted herein, Defendants CITY and COUNTY have refused Plaintiffs' request to release all relevant reports pertaining to the death of decedent JAMES RIVERA, JR. on July 22, 2010, following the fatal shooting by CITY Police Officers and COUNTY Sheriff's Deputies. This statement of facts is therefore based on Plaintiffs' investigation and media accounts of the death of decedent JAMES RIVERA, JR.

16.     On July 22, 2010, Decedent, JAMES RIVERA, JR., age 16, was suspected of having stolen a van. He was observed driving the van through a residential neighborhood in Stockton, California.

17.     The Defendant Police Officers and Sheriff's Deputies pursued Decedent JAMES RIVERA, JR.  The Defendant Police Officers and Sheriff's Deputies deliberately struck the van driven by Decedent JAMES RIVERA, JR. causing the van to jump the curb and drive across the property of a private residence.  Just as Decedent JAMES RIVERA regained control of the van, the Defendant Police Officers and Sheriff's Deputies rammed the vehicle from either side causing Decedent to lose control of the van and hit and knock down two standing metal mailbox clusters.  These mailbox clusters were dragged underneath the vehicle driven by Decedent JAMES RIVERA, JR. as he crashed through the north-side garage wall of triplex building.

18.     As a result of the collision, the van driven by Decedent JAMES RIVERA, JR. was almost completely lodged in the garage, such that only two feet of the rear of the van protruded from the garage.  The front of the van was elevated in

_____ 5
**FIFTH AMENDED COMPLAINT FOR DAMAGES
FOR VIOLATION OF CIVIL RIGHTS**
CASE NO.: 2:10-cv-02495 MCE-GGH

1  the air, as the van was still on top of the mailbox clusters and furniture that was

2  inside the garage.

3  19.     Decedent JAMES RIVERA, JR.'s vehicle engine was not still running, the

4  tires were not moving, and the rear lights were not illuminated.

5

6  20.     The Defendant Police Officers and Sheriff's Deputies exited their vehicles

7  and surrounded the protruding rear of Decedent JAMES RIVERA, JR.'s van on

8  either side, such that none of the Defendants were directly behind the van, which

9  was not moving or able to move in light of crashing into and becoming lodged in

10 the garage.

11
21.     The Defendant Officers told Decedent JAMES RIVERA, JR. to get out of
12
13 the van two to three times.   The Decedent was non-responsive.  The Defendant

14 Officer and Sheriff's Deputies then immediately opened fire on Decedent JAMES

15 RIVERA, JR. and the vehicle, firing 12-20 rounds at Decedent while he was still

16 seated behind the wheel of the van and still within the interior of the garage and
17
while he did not pose any imminent threat to the lives or safety of any person, as
18
Decedent and the vehicle were stuck inside of the garage and the vehicle was
19
20 obviously incapacitated and inoperable.

21 22.     Decedent JAMES RIVERA, JR. was struck by multiple rounds and he died

22 as a result of his gunshot wounds.  The Defendant Officers pulled Decedent

23 JAMES RIVERA, JR. out of the van through the rear window revealing that the
24
driver's airbag had deployed in the collision.
25
26 23.     Following the shooting and extracting of Decedent JAMES RIVERA JR.'s

27 limp body from the wreck, the Defendant Officers and Sheriff's Deputies were

28 _____  6
**FIFTH AMENDED COMPLAINT FOR DAMAGES
FOR VIOLATION OF CIVIL RIGHTS
CASE NO.: 2:10-cv-02495 MCE-GGH**

observed laughing loudly and giving each other "high-fives" in congratulating one another.

## DAMAGES

24. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent JAMES RIVERA, JR.'s wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

25. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

26. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered, for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived.

27. As a further direct and proximate result of the excessive force and deliberate indifference of Defendants, and each of them, Plaintiffs have been deprived of Decedent's financial support.

28. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said individual defendants.

29. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

### FIRST CAUSE OF ACTION
### Violation of Civil Rights- Survival Action - 42 U.S.C. § 1983
### (Plaintiffs against Defendants AZARVAND, DUNN, NESBITT and DOES 1-10)

30. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 29, above, as if fully set below.

31. The use of force by the defendants in apprehending Decedent, including the ramming of the van and the subsequent shooting, were unreasonable under the prevailing circumstances and thus violated the Decedent's right not to be subjected to unreasonable searches and seizure guaranteed by the Fourth Amendment of the United States Constitution.

WHEREFORE Plaintiffs seek relief as set forth below.

### SECOND CAUSE OF ACTION
### Violation of Civil Rights – 42 U.S.C. § 1983
### (14th Amendment Right to Enjoy Continued Family Relations
### Plaintiffs against Defendants AZARVAND, DUNN, NESBITT and DOES 1-10)

32. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 31, above, as if fully set below.

33. As the proximate result of the Defendants' use of force, Plaintiffs have been deprived of their right to enjoy continuing family relations with Decedent as protected by the 14th Amendment to the United States Constitution.

WHEREFORE Plaintiffs seek relief as set forth below.

### THIRD CAUSE OF ACTION
### Violation of Civil Rights – 42 U.S.C. § 1983
### *Monell* claim against CITY, COUNTY, MOORE, UHLRING, DOES 10-20

34. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 33, above, as if fully set below.

35. Plaintiffs are informed and believe and thereon allege that high-ranking CITY and COUNTY officials, including high-ranking police supervisors such as Defendants MOORE and UHLRING, DOES 10 through 20, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Officers AZARVAND, DUNN, NESBITT and DOES 1-10, and/or each of them.

36. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants MOORE and UHLRING, DOES 10 through 20, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

37. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MOORE and UHLRING, DOES 10 through 20, and/or each of them, Defendants MOORE and UHLRING, DOES 10 through 20, and/or each of them encouraged these officers to continue their course of misconduct

and caused these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

38. Plaintiffs further allege Defendants MOORE and UHLRING, DOES 10 through 20, and/or each of them, were notice of Constitutional defects in their training of CITY police officers and COUNTY Sheriff's Deputies, including, but not limited to, using excessive force, and covering up the use of excessive force.

39. Defendant CITY, COUNTY and Sheriff MOORE and Chief UHLRING had a duty to adequately train, supervise and discipline their Police Officers and deputy sheriffs in order to protect members of the public, including Decedent, from being harmed by such officers and deputies unnecessarily.

40. Said defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiffs as complained of herein, including but not limited to: the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to United States Constitution; the right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE Plaintiffs seek relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE each Plaintiff sues for relief as set forth below:

For general damages in the amount of $10,000,000.00;

For special damages in amount to be determined at trial;

For punitive damages against each defendant officer in an amount according to proof;

For costs of suit and reasonable attorneys' fees pursuant to statute;

For all other relief to which they may be legally entitled.


Dated: March 20, 2012                    **LAW OFFICE OF JOHN BURRIS**


                                         /s/ Benjamin Nisenbaum_____
                                         John L. Burris
                                         Benjamin Nisenbaum
                                         Attorneys for Plaintiffs
                                         Dionne Smith Downs and
                                         James E. Rivera, Sr.