UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIONNE SMITH-DOWNS, et al.,

      Plaintiffs,

  v.

CITY OF STOCKTON, et al.,

      Defendants.

NO. 2:10-CV-02495-MCE-GGH

ORDER

----oo0oo----

Currently before the Court is Defendants', Steve Moore ("Sheriff Moore") and John Nesbitt ("Deputy Nesbitt"), Motion to Dismiss Plaintiffs' Fifth Amended Complaint (ECF No. 53) ("MTD"). However, after the Motion was filed, Defendant City of Stockton ("the City") filed a "Notice of Bankruptcy" in which it advised the Court that the City had filed a bankruptcy petition pursuant to Chapter 9 of the U.S. Bankruptcy Code and invoked the automatic stay prescribed in 11 U.S.C. §§ 362 and 922.  (ECF No. 59.)
///

1

1    In the Notice of Bankruptcy, the City asserts that the
2 automatic stay applies to the continuation of any judicial
3 proceedings against it that arose before the commencement of the
4 bankruptcy case.  (<u>Id.</u> at 2.)  The Court agrees and therefore
5 stays this proceeding as to the City.
6    Generally, "in the absence of special circumstances," a stay
7 under 11 U.S.C. § 362 stays actions only against the debtor.  <u>See</u>
8 <u>Ingersoll-Rand Fin. Corp. v. Miller Mining Co.</u>, 817 F.2d 1424,
9 1427 (9th Cir. 1987).  Multiple claim and multiple party
10 litigation must be disaggregated so that particular claims,
11 counterclaims, cross-claims and third-party claims are treated
12 independently when determining which of their respective
13 proceedings are subject to the bankruptcy stay.  <u>See</u> <u>Parker</u>
14 <u>v. Bain</u>, 68 F.3d 1131, 1137 (9th Cir. 1995).
15    However, here it is not clear whether this case can or
16 should proceed absent the City of Stockton.  For example, several
17 of the individual Stockton police officers are sued in both their
18 official and individual capacities, so it is unclear whether the
19 case may proceed against them given the automatic stay.  In
20 addition, Plaintiffs' Fifth Amended Complaint does not make clear
21 which Defendants engaged in which actions, so whether the claims
22 against the County Defendants can be disaggregated from the City
23 Defendants such that the case may proceed is also unclear.  (<u>See</u>
24 Fifth Amended Complaint, ECF No. 52 at ¶¶ 13-23.)
25 ///
26 ///
27 ///
28 ///

2

1  In light of the City's Notice of Bankruptcy and the
2 attendant uncertainty as to whether and how to proceed, the Court
3 therefore orders all the non-bankrupt parties to submit briefs to
4 the Court addressing whether this case may proceed absent the
5 City, and, if so, how.[1]  The briefs shall not exceed ten pages in
6 length and shall be filed within ten days of the date of this
7 Order.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  This action is stayed against Defendant City of Stockton so long as the automatic stay is in place; and

2.  Each of the non-bankrupt parties are directed to file a brief, not to exceed ten (10) pages in length, within ten (10) days of the date this Order is electronically filed, that addresses whether the Court can or should proceed without the City and, if so, how.

///
///
///
///
///

---

[1] For efficiency's sake, if the individual Defendants and the County Defendant wish to submit a single joint brief, they may do so, so long as the brief addresses the effect of the City's bankruptcy as to both the individual Defendants and the County.  However, if the Defendants wish to file separate briefs, they may do so.  Plaintiffs must file a single brief in conformance with this Order.

3

1  In the absence of compelling argument to the contrary, the Court
2  is inclined to stay the entire action so long as the bankruptcy
3  stay is in place.
4       IT IS SO ORDERED.
5  Dated: July 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE