UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIONNE SMITH-DOWNS,                    NO. 2:10-CV-02495-MCE-GGH
et al.,

          Plaintiffs,

     v.                                ORDER

CITY OF STOCKTON,
et al.,

          Defendants.

----oo0oo----

On July 16, 2012, this Court issued an Order directing the parties to submit briefs addressing whether this action can or should proceed given that Defendant City of Stockton ("the City") had filed a bankruptcy petition pursuant to Chapter 9 of the U.S. Bankruptcy Code and invoked the automatic stay prescribed in 11 U.S.C. §§ 362 and 922.  See ECF No. 59.)  The Court noted that, absent a compelling argument otherwise, it was inclined to stay the case.

On July 25 and 26, Plaintiffs and Defendants filed their briefs addressing the Court's concerns.  (See ECF Nos. 61-63.)

///

1

1    In their brief, Plaintiffs generally contend that a stay of the

2    entire action is not necessary because the City is only named in

3    one of their three causes of action (their Monell cause of

4    action), and argue that the action can proceed on their two other

5    claims because the City cannot be held liable for the alleged

6    Constitutional violations of the remaining Defendants. (ECF

7    No. 61 at 1-4.)  In essence, Defendants respond that

8    (1) California law mandates that the City both defend and pay any

9    judgments against the individual City officers, therefore, the

10   automatic stay bars the continuation of this action against those

11   officers; (2) the Court should exercise its discretionary

12   authority to stay this action against the individual County

13   officers because Plaintiffs' complaint does not make clear what

14   claims are made against which individual defendants. (See ECF

15   Nos. 62, 63.)

16        As the Court noted in its prior Order, "in the absence of

17   special circumstances," a stay under 11 U.S.C. § 362 stays

18   actions only against the debtor.  See Ingersoll-Rand Fin.

19   Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987).

20   Multiple claim and multiple party litigation must be

21   disaggregated so that particular claims, counterclaims,

22   cross-claims and third-party claims are treated independently

23   when determining which of their respective proceedings are

24   subject to the bankruptcy stay.  See Parker v. Bain, 68 F.3d

25   1131, 1137 (9th Cir. 1995).  However, district courts have wide

26   discretion to stay actions in order to avoid duplicative

27   litigation.

28   ///

1  <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936) ("the power to

2  stay proceedings is incidental to the power inherent in every

3  court to control the disposition of the causes on its docket with

4  economy of time and effort for itself, for counsel, and for

5  litigants."); <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1111

6  (9th Cir. 2005) ("[A] trial court may, with propriety, find it

7  efficient for its own docket and the fairest course for the

8  parties to enter a stay of an action before it, pending

9  resolution of independent proceedings which bear upon the

10 case.").

11      Here, the Court concludes that special circumstances warrant

12 staying this entire action until such time as the automatic stay

13 against the City is lifted.  First, while the City may not be

14 held liable for Plaintiffs' claims against the individual City

15 officers, California law does require that:

16          upon request of an employee or former employee, a
           public entity <u>shall</u> provide for the defense of any
17          civil action or proceeding brought against him, in his
           official or individual capacity or both, on account of
18          an act or omission in the scope of his employment as an
           employee of the public entity.

19

20 Cal. Gov't Code § 995 (emphasis added).  Further, if the action

21 results in a judgment adverse to the employee, or settles, the

22 public entity is then required to indemnify the employee for the

23 amount of the judgment or settlement.  <u>See</u> Cal. Gov't Code

24 § 825(a).

25 ///

26 ///

27 ///

28 ///

1  Therefore, if the Court permitted the case to proceed to
2  judgment, or if the case were to settle, then the City could
3  potentially be obligated to pay for the individual City officers
4  defense costs, as well as to indemnify the officers for the
5  amount of judgment or settlement, which would necessarily violate
6  the automatic stay provisions of 11 U.S.C. §§ 362(a) 922.  Thus,
7  this action must be stayed against the individual City officer
8  Defendants.

9      Turning to the individual County officer Defendants, the
10  Court concludes that Plaintiffs' claims, as alleged in their
11  operative pleading, the Fifth Amended Complaint (ECF No 52),
12  cannot be disaggregated from their claims against the individual
13  City officer Defendants.  The Complaint generally alleges that
14  all the individual Defendants were responsible for all of the
15  acts alleged therein.  Because there is no way to desegregate the
16  claims against the individual County officer Defendants from
17  those against the individual City officer Defendants, and because
18  the Court has concluded that this action must be stayed against
19  the City Defendants, the Court exercises its discretionary
20  authority to stay this action as to the remaining County
21  Defendants as well.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

4

**CONCLUSION**

    For the reasons set forth above, IT IS HEREBY ORDERED that this action is stayed against all Defendants so long as the automatic stay is in place.

    IT IS SO ORDERED.

Dated: August 2, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE