UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIONNE SMITH-DOWNS and
JAMES E. RIVERA, SR.,

    Plaintiffs,

    v.

CITY OF STOCKTON, et al.,

    Defendants.

No. 2:10-cv-02495-MCE-CKD

**MEMORANDUM AND ORDER**

Plaintiffs Dionne Smith-Downs and James E. Rivera, Sr. (collectively, "Plaintiffs") filed this civil rights action both individually and on behalf of their deceased son, James E. Rivera, Jr. ("Decedent"). Plaintiffs are proceeding on their Fifth Amended Complaint ("FAC"). ECF No. 52. Defendants Steve Moore and John Nesbitt (collectively, "Sheriff Defendants") have filed a Motion to Dismiss. ECF No. 73.[1] Plaintiffs filed an Opposition (ECF No 76), and the Sheriff Defendants filed a Reply (ECF No. 77). For the reasons that follow, the Sheriff Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.[2]

---

[1] Defendants Eric Azarvand and Gregory Dunn (collectively, "Officer Defendants") joined in the Sheriff Defendants' Motion. See ECF No. 78.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).


# BACKGROUND[3]

On July 22, 2010, Defendants[4] observed Decedent, a sixteen-year-old black male, driving what they suspected to be a stolen van in Stockton, California. Defendants pursued and deliberately struck the van with their vehicle, thereby causing the van to jump a curb and travel across the property of a private residence. Defendants rammed the van again, this time with such force that the van knocked down two metal mailbox clusters and crashed into the garage wall of a triplex building.

The van "was almost completely lodged in the garage, such that only two feet of the rear of the van protruded from the garage." FAC at ¶ 18. The van's engine was not running, the tires were not moving, and the rear lights were not illuminated when Defendants exited their vehicles and surrounded the van. The Officer Defendants instructed Decedent to exit the van two to three times. Decedent did not respond, and Defendants "immediately opened fire." FAC at ¶ 21. Decedent was still in the driver's seat of the van when Defendants fired twelve to twenty rounds and killed him.

The Officer Defendants subsequently pulled Decedent's body out through the rear window of the van, "revealing that the driver's airbag had deployed in the collision." FAC at ¶ 22. Thereafter, Defendants were observed laughing loudly, exchanging high-fives, and congratulating each other.

The FAC identifies three causes of action: (1) a claim under 42 U.S.C. § 1983 for deprivation of Decedent's Fourth Amendment right to be free from unreasonable seizures, which is alleged against the Officer Defendants and Defendant Nesbitt; (2) a § 1983 claim for deprivation of familial association, which is alleged against the Officer Defendants and Defendant Nesbitt; and (3) a Monell claim[5] under § 1983, which is

---

[3] The following statement of facts is based on the allegations in the FAC.

[4] Sheriff Defendants are employees of the County of San Joaquin and the Officer Defendants are employees of the City of Stockton. Where Plaintiffs do not distinguish between the Sheriff Defendants and Officer Defendants in the FAC's statement of facts, the Court employs the collective "Defendants."

[5] See generally Monell v. Dep't Soc. Servs. City of N.Y., 436 U.S. 658 (1978).

1  alleged against Defendants City of Stockton, County of San Joaquin, Moore, and Blair
2  Ulring.
3        On February 29, 2012, the Court granted the Sheriff Defendants' previous motion
4  to dismiss Plaintiff's Fourth Amended Complaint.  See ECF No. 51.  The Court granted
5  Plaintiffs "one final opportunity to cure the deficiencies of their complaint" and made
6  clear that "no further leave to amend w[ould] be given." Id. at 22.  The Sheriff
7  Defendants now seek dismissal of the FAC.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[6] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a

---

[6] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

1 suspicion [of] a legally cognizable right of action")).

2     Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

    A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

///

# ANALYSIS

The Sheriff Defendants advance several arguments in their Motion to Dismiss. The Court will address each in turn.

### A. Plaintiffs' Declaration

Plaintiffs have submitted a declaration in which they state that they are the successors in interest to Decedent. See ECF No. 76-1 at 4-6. The Sheriff Defendants argue that Plaintiffs' declaration is insufficient to support the first cause of action, which alleges a deprivation of Decedent's Fourth Amendment rights under § 1983. The Sheriff Defendants made a similar challenge with respect to the declaration attached to the Fourth Amended Complaint, and the Court found that declaration did not comply with Local Rule 131(f). See ECF No. 51 at 7-8.

Local Rule 131(f) provides the requirements for documents bearing the electronic signatures of non-attorneys. Because Plaintiffs signed the new declaration by hand, see ECF No. 76-1 at 5-6, Local Rule 131(f) is not applicable. Accordingly, the Court declines to dismiss the first cause of action on the grounds that Plaintiffs' declaration does not comply with Local Rule 131(f).

### B. Plaintiffs' Monell Claim

The Sheriff Defendants' also argue that the FAC does not allege sufficient facts to support a Monell claim.[7] The Ninth Circuit recently summarized the relevant law:

> A municipality is responsible for a constitutional violation, however, only when an action taken pursuant to an official municipal policy of some nature caused the violation. This means that a municipality is not liable under § 1983 based on the common-law tort theory of respondeat superior. On the other hand, the official municipal policy in question may be either formal or informal.

///

---

[7] The Court notes the Sheriff Defendants' argument that the County of San Joaquin is not a party to this action because the County was not included in the caption of the Second, Third, or Fourth Amended Complaint. The Court will not address this argument because there is actually a compelling reason to dismiss the County of San Joaquin from this action: Plaintiffs have not adequately stated a Monell claim, which is the only cause of action Plaintiffs allege against the County.

> A formal policy exists when a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. . . .
>
> An informal policy, on the other hand, exists when a plaintiff can prove the existence of a widespread practice that, although not authorized by an ordinance or an express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. Such a practice, however, cannot ordinarily be established by a single constitutional deprivation, a random act, or an isolated event. Instead, a plaintiff . . . must show a pattern of similar incidents in order for the factfinder to conclude that the alleged informal policy was so permanent and well settled as to carry the force of law.

Castro v. Cnty. of L.A., 797 F.3d 654, 670-71 (9th Cir. 2015) (internal bracketing, citations, and quotation marks omitted).

Plaintiffs have not sufficiently alleged the existence of either a formal or an informal official policy. There is no suggestion that Decedent's death was the result of a formal official policy. As to the existence of an informal official policy, Plaintiff alleges Defendants "should have known about repeated acts of misconduct," that there was a "continuing pattern and practice of misconduct and/or civil rights violations," and that City of Stockton police officers and County of San Joaquin sheriffs are inadequately trained and supervised. FAC at ¶¶ 35-39. Not only are these allegations conclusory and without any factual support, but they fall well short of a "widespread practice . . . so permanent and well settled as to constitute a custom or usage with the force of law." Castro, 797 F.3d at 671.

Plaintiffs, presumably after recognizing that their Monell claim as pled in the FAC rests on a single isolated event, allege in their Opposition that police officers for the City of Stockton shot and killed a hostage that they knew was inside of a vehicle with bank robbery suspects on July 16, 2014. ECF No. 76 at 14-15. Plaintiffs further allege in the Opposition that "[c]leary, there is a police policy problem at the City when it comes to firing at vehicles." Id. at 15. Even if Plaintiffs had included the July 16, 2014 event in the FAC, the two events do not amount to a "pattern of similar incidents" or otherwise

1  establish an informal official policy. Castro, 797 at 671. The FAC therefore fails to state
2  a Monell claim.
3      The Court made clear when dismissing the Fourth Amended Complaint that "no
4  further leave to amend w[ould] be given," ECF No. 51 at 22, and Plaintiffs have
5  demonstrated that they cannot save their Monell claim by amendment. Accordingly,
6  dismissal of the claim and the defendants that it is alleged against—specifically,
7  Defendants City of Stockton, County of San Joaquin, Moore, and Ulring —is with
8  prejudice.
9      **C.  Plaintiffs' Deprivation of Familial Association Claim**
10      The Sheriff Defendants argue that the FAC fails to state a § 1983 claim for
11  deprivation of familial association.

> [T]he proper standard for evaluating [a] § 1983 claim for deprivation of familial association based on the loss of [a] son is the Fourteenth Amendment's stringent "shocks the conscience" standard. Porter v. Osborn, 546 F.3d 1131, 1137-38 (9th Cir.2008). Where, as here, "an officer encounters fast paced circumstances presenting competing public safety obligations," only actions demonstrating that the officer acted with a "purpose to harm" unrelated to legitimate law enforcement objectives will suffice to establish a claim. Id. at 1139-40.

18  Dela Cruz v. Palacios, 406 F. App'x 172, 173 (9th Cir. 2010).
19      On the Sheriff Defendants' Motion to Dismiss, the Court must accept as true and
20  construe in the light most favorable to Plaintiffs the factual allegations in the FAC.
21  Northstar Fin. Advisors Inc. v. Schwab Invs., 779 F.3d 1036, 1042 (9th Cir. 2015). To
22  recount the facts alleged in the FAC: Defendants observed Decedent driving what they
23  suspected to be a stolen van; Defendants pursued Decedent and twice rammed their
24  vehicle into the van; Defendants rammed the van with such force that the van knocked
25  down two metal mailbox clusters and became lodged in a garage; only the rear two feet
26  of the van protruded from the garage, the engine was not running, the tires were not
27  moving, and the rear lights were not illuminated when Defendants exited their vehicles
28  and surrounded the van; Defendants told Decedent to exit the van two or three times;

Decedent did not respond, and Defendants "immediately opened fire" and shot twelve to twenty rounds at Decedent; Decedent was still sitting in the driver's seat of the van, and the airbag had deployed; Defendants were observed laughing, high-fiving, and congratulating each other after removing Decedent's dead body from the van.

The FAC does not indicate that Defendants took action to confirm that the van had been stolen or that their suspicions were correct. Moreover, while the FAC states that Defendants "pursued" Decedent, it is unclear whether Defendants used their vehicle's lights, sirens, or public announcement system to initiate an ordinary traffic stop before ramming their vehicle into the van. Although not explicitly stated in the FAC, a reasonable inference is that Defendants' ramming of the van—again, with such force that Decedent's airbag deployed and the van plowed through two metal mailbox clusters and into a garage—left Decedent unconscious or otherwise incapacitated (and therefore unable to comply or even respond to Defendants' instructions to exit the van). Construing the factual allegations of the FAC in the light most favorable to Plaintiffs—specifically, that Defendants shot an unconscious or incapacitated sixteen-year old because he did not comply or respond to orders to exit a van he was suspected of stealing—Defendants acted with a purpose to harm unrelated to legitimate law enforcement objectives when they killed Decedent.

The Sherriff Defendants' arguments to the contrary are not persuasive. The Sheriff Defendants, in arguing the FAC does not sufficiently allege a purpose to harm, summarize the Plaintiffs' allegations as "a fleeing criminal suspect at large in a residential neighborhood, possibly armed, crashing a van into someone's house . . . ." ECF No. 73-2 at 8. Defendants suggest that they "fire[d] . . . only after [Decedent's] refusal to respond to officers' directives." Id. As noted in the preceding paragraphs, on the Sheriff Defendants' Motion to Dismiss the Court must accept the factual allegations in the FAC as true and construe them in the light most favorable to Plaintiffs. Thus, the Sheriff Defendants' summarization of the facts, which construes the FAC's factual allegations in the light most favorable to the Sheriff Defendants, is irrelevant at this stage

of the litigation. Second, the Sheriff Defendants' summary of the FAC's factual allegations is absurd. Not only does it disregard the fact that Defendants' ramming of the van is what caused the van to crash into the garage, but it suggests that Decedent's failure to respond was deliberate.

The Sheriff Defendants also argue that "Plaintiffs still do not allege that [Decedent] was unarmed." ECF No. 73-2 at 8. Such an omission is not outcome determinative on a motion to dismiss for failure to state a claim. See also Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 347 (2014) ("Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim."). Moreover, Decedent's possession of a firearm is not necessarily inconsistent with Defendants' alleged purpose to harm.

Because the FAC adequately states a deprivation of familial association claim, the Sherriff Defendants' Motion is denied to the extent it seeks dismissal of that claim.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Sherriff Defendants' Motion to Dismiss (ECF No. 73) is GRANTED in part and DENIED in part. Specifically:

    a. The Motion is GRANTED as to Plaintiffs' Monell claim. That claim and Defendants City of Stockton, County of San Joaquin, Steve Moore, and Blair Ulring are therefore DISMISSED from this action with prejudice.

    b. The Motion is DENIED to the extent it seeks dismissal of Plaintiffs' § 1983 claims against the Officer Defendants (Eric Azarvand and Gregory Dunn) and Defendant Nesbitt.

///

1  2. This action shall proceed only on the § 1983 claims against the Officer
2 Defendants and Defendant Nesbitt in the FAC.
3  3. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the remaining
4 defendants shall file an answer to the FAC within fourteen (14) days of the date that this
5 Order is electronically filed.
6  IT IS SO ORDERED.
7 Dated:  October 13, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT