**JOHN L. BURRIS ESQ., SBN 69888**
**BENJAMIN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com

Attorneys for Plaintiffs,
DIONNE SMITH-DOWNS AND
JAMES E. RIVERA, SR.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS and JAMES E. RIVERA, SR., both individually and as Successors-In-Interest to the Estate of JAMES E. RIVERA, Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; COUNTY OF SAN JOAQUIN, A municipal corporation; Sheriff STEVE MOORE and Does 1 through 20, <br><br> Defendants. | Case No:   2:10-cv-02495 MCE-GGH <br><br> **PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT** <br><br> <u>Pretrial Conference</u>: <br> Date:        February 6, 2019 <br> Time:        10:00 a.m. <br> Courtroom    24 <br><br> <u>Trial</u>: <br> Date:        March 4, 2019 <br> Time:        9:00 a.m. <br> Courtroom    24 <br><br> Hon. Magistrate Judge Carolyn K. Delaney |

Pursuant to Local Rule 281 (Fed. R. Civ. P. 16), Plaintiffs in the above-captioned matter hereby respectfully submit their Joint Pretrial Conference Statement.

**1.      Jurisdiction – Venue**

Smith-Downs, et al. v. City of Stockton, et al.
Case No. 2:10-cv-02495 MCE-GGH

1

Plaintiffs' claims arise under federal law, 42 U.S.C. § 1983, based on alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution in the death of Decedent, James Rivera, Jr.  That death occurred within the Eastern District of California.  There is no dispute concerning jurisdiction or venue.  Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343 and venue is proper based on 28 U.S.C. § 1391(b)(2).

**2.      Jury – Non-Jury**

Both sides timely demanded trial by jury in this matter; thus, this will be a jury trial.

**3.      Undisputed Core Facts Relevant to Each Claim**

The following core facts are undisputed:

First Cause of Action: Violation of Civil Rights- Survival Action – 42 U.S.C. § 1983 – 4th Amendment

      *a.*      *The named defendants, in doing the things that they did relevant to this case, were acting under color of law.*

      *b.*      *Defendant officers deliberately struck the van driven by Decedent, James Rivera Jr., with their vehicles, causing it to crash and lodge into a garage.*

      *c.*      *Defendants Azarvand, Dunn, and Nesbitt approached Mr. Rivera with guns drawn and pointed at Mr. Rivera.*

      *d.*      *Defendants Azarvand, Dunn, and Nesbitt commanded Mr. Rivera to exit the vehicle two to three times.*

      *e.*      *Mr. Rivera did not respond to the defendants' commands.*

      *f.*      *Defendants Azarvand, Dunn, and Nesbitt opened fire on Mr. Rivera.*

      *g.*      *Defendant officers fired a total of approximately 30 rounds at Mr. Rivera.*

      *h.*      *Mr. Rivera died as a result of the actions of Defendant officers.*

Second Cause of Action: Violation of Civil Rights – 42 U.S.C. § 1983 – 14th Amendment Right to Enjoy Continued Family Relations

a.      *Plaintiff relies on the same facts for this claim as set forth in the First cause of action.*

b.      *Plaintiffs Dionne Smith-Downs and James Rivera, Sr. are surviving biological parents of the decedent, James Rivera, Jr.*

c.      *As the proximate result of Defendant officers' use of force, Plaintiffs have been deprived of their right to enjoy continuing family relations with Mr. Rivera.*

## 4.      Disputed Core Facts Relevant to Each Claim

The following core facts are disputed.  Pursuant to the Court's Amended Status (Pretrial Scheduling) Order, only those disputed facts that are essential to the formulation of each claim are listed here.

First Cause of Action: Violation of Civil Rights- Survival Action – 42 U.S.C. § 1983 – 4th Amendment

a.      The parties dispute the type, amount and level of threat and resistance by Decedent.

Second Cause of Action: Violation of Civil Rights – 42 U.S.C. § 1983 – 14th Amendment Right to Enjoy Continued Family Relations

a.  None.

## 5.      Disputed Evidentiary Issues that Will be Subject of Motions *In Limine*

a.      **Plaintiffs' Intended Motions *in Limine***

A.  Plaintiffs will move to exclude witnesses and evidence not disclosed or otherwise made known to Plaintiffs.

B.  Plaintiffs will move to exclude Defendants, and other defense witnesses not designated or qualified to offer

Smith-Downs, et al. v. City of Stockton, et al.
Case No. 2:10-cv-02495 MCE-GGH

3

expert witness testimony from offering expert witness testimony.

C.  Plaintiffs will move to exclude any evidence or reference to any civil judgments against Decedent under FRE 403 and 404(a).

D.  Plaintiffs will move to exclude evidence of prior bad acts by Decedent under FRE 403 and 404(a), including, but not limited to, prior arrests and convictions of plaintiff and restraining orders issued against plaintiff.

E.  Plaintiffs will move to bifurcate the trial between liability and damages under FRE 403 and 404(a) and FRCP 42(b).

F.  Plaintiffs will move to exclude statements made by Defendants that Decedent may have had a gun under FRE 401-403, and 801-803.

G.  Plaintiffs will move to exclude evidence of Decedent's registration as a profession fighter under FRE 401-403, and 801-803.

H.  Plaintiffs will move to exclude evidence of Decedent's alleged gang tattoos under FRE 401-403, and 801-803.

I.  Plaintiffs will move to exclude evidence of Decedent's alleged gang affiliation under FRE 401-403, and 801-803.

6.    **Special Factual Information in this Constitutional-Tort Action**

*a.*    The incident at issue took place on July 22, 2010, at or around 10:35 a.m. The location of the incident was 9559 Bancroft Way, Stockton, CA 95209.  Plaintiffs allege that Defendant officers used excessive force in ramming Mr. Rivera off the road and firing a total of 40 rounds at him.  Specifically, Plaintiffs contend that Mr. Rivera was the victim of Defendants' use of

excessive force in detaining and/or arresting him, by causing him to crash the van into a garage, and shooting the Decedent multiple times while he was unresponsive.

Defendants contend the Defendant officers' force was reasonable.  Plaintiffs' claims arise under the Fourth and Fourteenth Amendments to the United States Constitution, via 42 U.S.C. § 1983.

*b.*      Plaintiffs lost their son.  Plaintiffs were physically, emotionally, and financially injured as a result of this loss.  Plaintiffs lost the Decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support.  Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.  As a further direct and proximate result of the excessive force and deliberate indifference of Defendants, and each of them, Plaintiffs have been deprived of the Decedent's financial support.  Plaintiffs also seek general and punitive damages in an unstated amount.

*c.*      Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

## 7.      Relief Sought

Plaintiffs seek compensatory and punitive damages according to proof, attorneys' fees under section 1988, and costs of litigation.  Plaintiffs will also seek recovery for Plaintiffs' pain and suffering.

## 8.      Points of Law

The operative pleading in this case is Plaintiffs' Fifth Amended Complaint, filed March 20, 2012 (Docket No. 52).  There, Plaintiff pleads three claims for relief, all arising under 42 U.S.C. § 1983.  The first claim is for unlawful seizure of Decedent Rivera in violation of the Fourth Amendment. The second claim is for the deprivation of Plaintffs' enjoyment of continuing family

relations with Mr. Rivera in violation of the Fourteenth Amendment.  Finally, the third claim in is a Monell claim brought under 42 U.S.C. § 1983.  In addition to disputing the elements of Plaintiffs' prima facie case on each of their claims, Defendants also assert qualified immunity as a defense.

### a. First Claim for Relief – Unlawful Seizure under the Fourth Amendment

Courts "must assess the severity of the intrusion on the individual's Fourth Amendment rights by evaluating 'the type and amount of force inflicted.'" *Espinosa v. City & Cty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (quoting *Miller v. Clark Cty.,* 340 F.3d 959, 964 (9th Cir.2003)). "[E]ven where some force is justified, the amount actually used may be excessive." *Santos,* 287 F.3d at 853. Second, a court must evaluate the government's interest in the use of force. *Glenn*, 673 F.3d at 871 (citing *Graham,* 490 U.S. at 396, 109 S.Ct. 1865). "Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir.2007) (quoting *Graham,* 490 U.S. at 396, 109 S.Ct. 1865). The most important of these three factors is whether the suspect poses an immediate threat to the safety of the officers or others. *Id.* The *Graham* factors, however, are not exhaustive. *George v. Morris,* 736 F.3d 829, 837–38 (9th Cir.2013). Because "there are no per se rules in the Fourth Amendment excessive force context," *Mattos v. Agarano,* 661 F.3d 433, 441 (9th Cir.2011) (en banc), courts are to "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham*.'" *Bryan v. MacPherson,* 630 F.3d 805, 826 (9th Cir. 2010) (quoting *Franklin v. Foxworth,* 31 F.3d 873, 876 (9th Cir.1994)). "Other relevant factors include the availability of less intrusive alternatives to the force employed, whether proper warnings were given[,] and whether it should have been apparent to officers that the person they used force against was emotionally disturbed." *Glenn,* 673 F.3d at 872 (citations omitted). Finally, a district court must

Smith-Downs, et al. v. City of Stockton, et al.
Case No. 2:10-cv-02495 MCE-GGH

6

"balance the gravity of the intrusion on the individual against the government's need for that intrusion." *Miller,* 340 F.3d at 964.

The totality of the circumstances must be examined to consider "whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham*" in order to "determine objectively 'the amount of force that is necessary in a particular situation.'" *Deorle*, 272 F.3d at 1280 (quoting *Graham*, 490 U.S. at 396–97). Even though the "most important" *Graham* factor is whether the suspect posed an "immediate threat to the safety of the officers or others," "[a] simple statement by an officer that he fears for his safety or the safety others is not enough; there must be objective factors to justify such a concern." *Deorle*, 272 F.3d at 1281.

Generally, impact blows by punching or kicking are considered "significant force." *See, e.g., Blankenhorn*, 485 F.3d at 480. Punching or kicking are "broadly characterized as [a] non-lethal levels of force," but could in some circumstances "be employed in a manner that creates a substantial risk of death or serious bodily injury." *Bryan v. MacPherson,* 630 F.3d 805, 825 n. 7 (9th Cir. 2010). Handcuffing, even without hogtying, is nontrivial and may in some circumstances constitute excessive force. *See, e.g., LaLonde*, 204 F.3d at 960. Prevailing precedent in the Ninth Circuit is that law enforcement officers' use of body weight to restrain a "prone and handcuffed individual [ ] in an agitated state" can cause suffocation "under the weight of restraining officers," therefore, such conduct may be considered deadly force.[20] *Drummond*, 343 F.3d at 1056–67; *see also Arce v. Blackwell*, 294 Fed.Appx. 259, 260–62 (9th Cir. 2008). "Known as 'compression asphyxia,' prone and handcuffed individuals in an agitated state have suffocated under the weight of restraining officers." *Id.* (collecting cases).

Finally, under *Boyd v. Benton Cty*., 374 F.3d 773, 781 (9th Cir. 2004), an officer is an "integral participant" where he or she "participated in some meaningful way" in the actions which gave rise to the constitutional violation.

*b.* **Second Claim for Relief – Violation of the 14th Amendment Right to Enjoy Family Relations under Section 1983**

Plaintiffs' second claim for relief alleges that the officers deprived the Plaintiffs of their own (*i.e.*, not on behalf of the decedent) substantive Due Process right to a familial relationship with decedent James Rivera Jr.  To prove this claim, Plaintiffs must show, as to each individual officer Defendant, that he, under color of law, acted in a way that not only caused Mr. Rivera's death, but "shocks the conscience."  Where the alleged conduct at issue is the use of force, as it appears to be here, that means proving each officer acted with a purpose "'to cause harm unrelated to the legitimate object of arrest.'"  *Porter v. Osborn*, 546 F.3d 1131, 1140 (9th Cir. 2008) (quoting *Lewis v. County of Sacramento*, 523 U.S. 833, 836 (1998)).  As noted above, there is no dispute in this case that each of the officers did what he did in this incident under color of law.  Defendants dispute, however, that any of them acted with any purpose to harm Mr. Rivera unrelated to the legitimate object of his arrest.

**9.    Qualified Immunity**

Plaintiffs contend this court's pre-trial Order requires all purely legal issues to be resolved by dispositive motion. The deadline for dispositive motions has passed.  To the extent that Defendants could bring their motion for qualified immunity under the undisputed facts, qualified immunity is waived.  Conversely, should Plaintiff prevail, the verdict would necessarily entail a violation of well-established law under section 1983, rendering qualified immunity moot.

Plaintiffs anticipate that Defendants will contend that application of qualified immunity in this case depends on the determination of disputed facts and what, if any, of Plaintiff's multiple constitutional theories of liability the jury may find a given officer to have violated.  Accordingly, qualified immunity could not have been determined on summary judgment, and the issue is not waived.

**10.    Abandoned Issues**

**a.    Claims**

Honorable Chief Judge Morrison C. England, Jr. dismissed Plaintiffs' third cause of action in Plaintiffs' Fifth Amended Complaint on June 25, 2015 (Docket No. 72).

### b.      Parties

Honorable Chief Judge Morrison C. England, Jr. dismissed Defendants City of Stockton and Chief Ulring on June 25, 2015.  Additionally, Judge England dismissed the claims against Defendants Officer Dunn **in their official capacities only** as such suit against a public official in his or her official capacity is the equivalent of suing the public entity which employs them.  (*Kentucky v. Graham*, 473 U.S. 159, 165-166).

### 11.     Witnesses

Plaintiffs' lists of trial witnesses, along with a brief statement of the nature of the testimony to be proffered, will be submitted with Plaintiffs' Trial Brief.  Plaintiffs reserve the right to update this witness list.

### 12.     Exhibits – Schedules and Summaries

Plaintiffs' exhibit lists will be submitted with Plaintiffs' Trial Brief.

### 13.     Discovery Documents, Not Including Documents Used Only for Impeachment or in Rebuttal

Plaintiffs do not anticipate using deposition testimony in lieu of live testimony, but may use them as impeachment, in rebuttal, or as party admissions as necessary.

### 14.     Further Discovery or Motions

None.

### 15.     Stipulations

None.

**16.    Amendments – Dismissals**

None.

**17.    Settlement Negotiations**

None.

**18.    Agreed Statements**

Plaintiffs contend that presentation of this case upon an agreed statement of facts is not feasible or advisable.

**19.    Separate Trial of Issues**

*Plaintiffs hereby stipulate to the bifurcation of issues at trial so that issues of liability are tried first, with damages being tried separately only if the jury finds liability.*

**20.    Impartial Experts – Limitation of Experts**

Plaintiffs have designated one retained expert to testify at trial.  Defendants have designated three retained experts to testify at trial.  Plaintiffs contend that there is no need for the appointment by the Court of an impartial expert witness, nor is there a need for the Court to limit the number of experts to testify at trial.

**21.    Attorneys' Fees**

Plaintiffs claim a right to recover their attorney's fees in this case pursuant to 42 U.S.C. § 1988.  The entitlement to any such recovery depends on Plaintiffs establishing liability on their Section 1983 claims.  Plaintiffs contend that the determination of any attorney's fees award should be by written motion after the entry of judgment in this case.

1

**22.      Trial Exhibits**

It is not necessary for the Court to retain exhibits pending appeal decision; the parties will work out a stipulation after trial of who will retain the original exhibits pending appeal.

**23.      Trial Protective Order**

Plaintiffs do not see the need for a trial protective order at this time.

**24.      Miscellaneous**

None.

**25.      Motions Previously Tendered to the Court and Their Resolution**

None.

**26.      Joint Statement of the Case**

None.

**27.      Number of Jurors to be Empaneled**

Plaintiffs propose seven jurors be impaneled for trial of this case.

Respectfully submitted,

Dated:  January 4, 2019                     **THE LAW OFFICES OF JOHN L. BURRIS**
                                            By: /s/ *James Cook*
                                            JOHN L. BURRIS
                                            BEN NISENBAUM
                                            JAMES COOK
                                            Attorneys for Plaintiffs
                                            DIONNE SMITH-DOWNS AND
                                            JAMES E. RIVERA, SR.

Smith-Downs, et al. v. City of Stockton, et al.
Case No. 2:10-cv-02495 MCE-GGH

11

1

<u>PROOF SERVICE</u>

2

   I, <u>Devin Satterfield</u>, declare as follows:  I am over the age of 18 years and not a party to this

3

action.  My business address is 7677 Oakport Street, Suite 1120, Oakland, CA 94621.  I caused the
foregoing

4

   • PLAINTIFFS' PRE-TRIAL CONFERENCE STATEMENT

5

   •

6

   to be served on the following parties in the following manner:

7

   Mail [  ] Overnight Mail [ ] Personal Service [ ] Email [ X ]

8

9

   Amie Collins McTavish
   Kevin James Dehoff

10

   Bruce Alan Kilday
   Angelo Kilday and Kilduf

11

   601 University Ave.
   Suite 150

12

   Sacramento, CA 95825

13

   Jason Robert Morrish
   Matthew Paul Dacey

14

   Robert Emmett O'Rourke
   Office of the County Counsel

15

   44 N. San Joaquin Street, Suite 679

16

   Stockton, CA 95202-2931

17

   Mark Emmett Berry
   Derick E. Konz

18

   Mayall Hurley Knutsen Smith and Green
   2453 Grand Canal Boulevard

19

   2nd Floor

20

   Stockton, CA 95207-8253

21

   I declare under penalty of perjury that the foregoing is true and correct and that this

22

declaration of service was executed in Oakland, CA on January 4, 2019.

23

                              Signed: /s/ *Devin Satterfield*

24

25

26

27

28

Smith-Downs, et al. v. City of Stockton, et al.
Case No. 2:10-cv-02495 MCE-GGH
                              12