UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIONNE SMITH-DOWNS and JAMES E. RIVERA, SR., both individually and as Successors-in-Interest to the Estate of JAMES E. RIVERA, JR,

Plaintiffs,

v.

CITY OF STOCKTON, et al.,

Defendants.

No. 2:10-cv-02495-CKD

ORDER

## STATUS (PRETRIAL SCHEDULING) ORDER

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On February 6, 2019, the court held a pretrial scheduling conference in this matter. Present at the hearing were Benjamin Nisenbaum on behalf of plaintiffs and Bruce Kilday on behalf of defendants. Originally, trial was set to begin on March 4, 2019. (See ECF No. 124.) However, parties have jointly requested that the trial date be moved. Based upon representations

1

made at the hearing, John Burris, lead counsel for plaintiffs is unavailable in March 2019, and parties have stipulated to move the trial to November 4, 2019. Accordingly, the court's August 17, 2018 scheduling order (ECF No. 124) is amended as follows:

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is set for **September 25, 2019** at 10:00 a.m. in Courtroom No. 24 before the Honorable Carolyn K. Delaney. **All trial counsel, including John Burris, shall appear** at the Final Pretrial Conference.

The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties are referred to Local Rules 281 and 282 relating to the contents of Pretrial Statements. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case. The undisputed facts and disputed factual issues are to be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute. However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If

the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>. The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

**Each party's Pretrial Statement and the Joint Statement shall be filed on or before September 11, 2019.**

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is set for **November 4, 2019** at 9:00 a.m. in Courtroom No. 24 before the Honorable Carolyn K. Delaney. Trial will be by jury. The court expects the trial will take approximately ten to fifteen days.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. The Final Pretrial conference is set for September 25, 2019 at 10:00 a.m. in Courtroom No. 24 before the Honorable Carolyn K. Delaney.

2. Each party's Pretrial Statement and the Joint Statement shall be filed on or before September 11, 2019.
3. This matter is set for jury trial on November 4, 2019 at 9:00 a.m. in Courtroom No. 24 before the Honorable Carolyn K. Delaney.

Dated: February 7, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4