**JOHN L. BURRIS ESQ., SBN 69888**
**BENJAMIN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com

Attorneys for Plaintiffs,
DIONNE SMITH-DOWNS AND
JAMES E. RIVERA, SR.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS and JAMES E. RIVERA, SR., both individually and as Successors-In-Interest to the Estate of JAMES E. RIVERA, Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; COUNTY of SAN JOAQUIN, A municipal corporation; Sheriff STEVE MOORE and Does 1 through 20, <br><br> Defendants. | Case No:  2:10-cv-02495-MCE-CKD <br><br> **PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT** <br><br> <u>Pretrial Conference</u>: <br> Date:          September 25, 2019 <br> Time:          10:00 a.m. <br> Courtroom    24 <br><br> <u>Trial</u>: <br> Date:          November 4, 2019 <br> Time:          9:00 a.m. <br> Courtroom    24 <br><br> Hon. Magistrate Judge Carolyn K. Delaney |

Pursuant to Local Rule 281 (Fed. R. Civ. P. 16), Plaintiffs in the above-captioned matter hereby respectfully submit their Joint Pretrial Conference Statement.

1. **Jurisdiction – Venue**

Plaintiffs' claims arise under federal law, 42 U.S.C. § 1983, based on alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution in the death of Decedent, James Rivera, Jr.  That death occurred within the Eastern District of California.  There is no dispute concerning jurisdiction or venue.  Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343 and venue is proper based on 28 U.S.C. § 1391(b)(2).

2. **Jury – Non-Jury**

Both sides timely demanded trial by jury in this matter; thus, this will be a jury trial.

3. **Joint Undisputed Facts and Disputed Factual Issues**

There are only two causes of action remaining to be tried in this case.  Those causes of action are the 4th Amendment Excessive Force and 14th Amendment Interference with Familial Relationship.  Every fact herein pertains to both causes of action. Pursuant to the Court's Amended Status (Pretrial Scheduling) Order, the parties' joint statement of undisputed facts and disputed factual issues will be filed concurrently to the Plaintiff's pre-trial statement.

4. **Disputed Evidentiary Issues that Will be Subject of Motions *In Limine***
   a.   **Plaintiffs' Intended Motions *in Limine***
       i.   Plaintiffs will move to exclude witnesses and evidence not disclosed or otherwise made known to Plaintiffs.
       ii.  Plaintiffs will move to exclude Defendants, and other defense witnesses not designated or qualified to offer expert witness testimony from offering expert witness testimony.
       iii. Plaintiffs will move to exclude any evidence or reference to any civil judgments against Decedent under FRE 403 and 404(a).

       **iv.**  Plaintiffs will move to exclude evidence of prior bad acts by Decedent under FRE 403 and 404(a), including, but not limited to, prior arrests and convictions of plaintiff and restraining orders issued against plaintiff.

       **v.**  Plaintiffs will move to bifurcate the trial between liability and damages under FRE 403 and 404(a) and FRCP 42(b).

       **vi.**  Plaintiffs will move to exclude statements made by Defendants that Decedent may have had a gun under FRE 401-403, and 801-803.

       **vii.**  Plaintiffs will move to exclude evidence of Decedent's registration as a profession fighter under FRE 401-403, and 801-803.

       **viii.**  Plaintiffs will move to exclude evidence of Decedent's alleged gang tattoos under FRE 401-403, and 801-803.

       **ix.**  Plaintiffs will move to exclude evidence of Decedent's alleged gang affiliation under FRE 401-403, and 801-803.

**5.**    **Special Factual Information in this Constitutional-Tort Action**

    *a.*    The incident at issue took place on July 22, 2010, at or around 10:35 a.m. The location of the incident was 9559 Bancroft Way, Stockton, CA 95209.  Plaintiffs allege that Defendant officers used excessive force in ramming Mr. Rivera off the road and firing a total of 40 rounds at him.  Specifically, Plaintiffs contend that Mr. Rivera was the victim of Defendants' use of excessive force in detaining and/or arresting him, by causing him to crash the van into a garage, and shooting the Decedent multiple times while he was unresponsive. Plaintiffs' claims arise under the Fourth and Fourteenth Amendments to the United States Constitution, via 42 U.S.C. § 1983.

    *b.*    Defendants contend the Defendant officers' force was reasonable.

    *c.*    Plaintiffs lost their son.  Plaintiffs were physically, emotionally, and financially injured as a result of this loss.  Plaintiffs lost the Decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support.  Plaintiffs are

1   entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P.

2   Sections 377.60 and 377.61.  As a further direct and proximate result of the excessive force and

3   deliberate indifference of Defendants, and each of them, Plaintiffs have been deprived of the

4   Decedent's financial support.  Plaintiffs also seek general and punitive damages in an unstated

5   amount.

6           *d.*       Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P.

7   Sections 377.60 and 377.61 and Probate Code Section 6402(b).

8

9   **6.    Relief Sought**

10   Plaintiffs seek compensatory and punitive damages according to proof, attorneys' fees under

11   section 1988, and costs of litigation.  Plaintiffs will also seek recovery for Plaintiffs' pain and

12   suffering.

13

14   **7.    Points of Law**

15   The operative pleading in this case is Plaintiffs' Fifth Amended Complaint, filed March 20,

16   2012 (Docket No. 52).  There are only two causes of action remaining to be tried in this case.  Those

17   causes of action are the 4th Amendment Excessive Force and 14th Amendment Interference with

18   Familial Relationship.

19

20           *a.*   **First Claim for Relief – Survival Action: Violation of Decedent's civil rights
            42 U.S.C. § 1983**

21

22   Courts "must assess the severity of the intrusion on the individual's Fourth Amendment

23   rights by evaluating 'the type and amount of force inflicted.'" Espinosa v. City & Cty. of San

24   Francisco, 598 F.3d 528, 537 (9th Cir. 2010) (quoting Miller v. Clark Cty., 340 F.3d 959, 964 (9th

25   Cir.2003)). "[E]ven where some force is justified, the amount actually used may be excessive."

26

27

28

Santos, 287 F.3d at 853. Second, a court must evaluate the government's interest in the use of force. Glenn, 673 F.3d at 871 (citing Graham, 490 U.S. at 396, 109 S.Ct. 1865).

"Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir.2007) (quoting Graham, 490 U.S. at 396, 109 S.Ct. 1865). The most important of these three factors is whether the suspect poses an immediate threat to the safety of the officers or others. Id. The Graham factors, however, are not exhaustive. George v. Morris, 736 F.3d 829, 837–38 (9th Cir.2013). Because "there are no per se rules in the Fourth Amendment excessive force context," Mattos v. Agarano, 661 F.3d 433, 441 (9th Cir.2011) (en banc), courts are to "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in Graham.'" Bryan v. MacPherson, 630 F.3d 805, 826 (9th Cir. 2010) (quoting Franklin v. Foxworth, 31 F.3d 873, 876 (9th Cir.1994)). "Other relevant factors include the availability of less intrusive alternatives to the force employed, whether proper warnings were given[,] and whether it should have been apparent to officers that the person they used force against was emotionally disturbed." Glenn, 673 F.3d at 872 (citations omitted). Finally, a district court must "balance the gravity of the intrusion on the individual against the government's need for that intrusion." Miller, 340 F.3d at 964.

The totality of the circumstances must be examined to consider "whatever specific factors may be appropriate in a particular case, whether or not listed in Graham" in order to "determine objectively 'the amount of force that is necessary in a particular situation.'" Deorle, 272 F.3d at 1280 (quoting Graham, 490 U.S. at 396–97). Even though the "most important" Graham factor is whether the suspect posed an "immediate threat to the safety of the officers or others," "[a] simple statement by

1  an officer that he fears for his safety or the safety others is not enough; there must be objective

2  factors to justify such a concern." Deorle, 272 F.3d at 1281.

3  Finally, Defendants are not entitled to qualified immunity since they made no summary judgement

4  motion on this legal immunity that serves as a right to avoid a trial, and beyond that, the issues in

5  this case are not novel, and officers have been denied qualified immunity in officer-involved

6  shooting cases.

7

8       *b.*   **Second Claim for Relief – – "Wrongful Death – Negligence" under Section 1983**

9

10      Plaintiffs assert the above analysis as applicable to this cause of action.

11

12      **8.      Qualified Immunity**

13      Qualified immunity does not have "elements" per se.  Rather, it is a question of law for the

14  Court to determine, either on motion for judgment as a matter of law under Rule 50(a) if such a

15  determination is possible even viewing the evidence at trial in the light most favorable to Plaintiffs,

16  or on renewed motion for judgment as a matter of law under Rule 50(b) based on the jury's

17  determination of disputed historical facts in a special verdict.  "The qualified immunity analysis

18  consists of two steps: (1) whether the facts the plaintiff alleges make out a violation of a

19  constitutional right; and (2) whether that right was clearly established at the time the defendant

20  acted.  [citation]  Whether a right is clearly established turns on 'whether it would be clear to a

21  reasonable officer that his conduct was unlawful in the situation he confronted.'"  Ninth Cir. Model

22  Civil Jury Instruction 9.26 (comment) (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009); Mattos

23  v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011); Conner v. Heiman, 672 F.3d 1126, 1132 (9th Cir.

24  2012)).

25      Plaintiffs contend this court's pre-trial Order requires all purely legal issues to be resolved by

26  dispositive motion. The deadline for dispositive motions has passed.  To the extent that Defendants

27  could bring their motion for qualified immunity under the undisputed facts, qualified immunity is

28

waived.  Conversely, should Plaintiffs prevail, the verdict would necessarily entail a violation of well-established law under section 1983, rendering qualified immunity moot.

### 9. Abandoned Issues

#### a. Claims

Honorable Chief Judge Morrison C. England, Jr. dismissed Plaintiffs' third cause of action in Plaintiffs' Fifth Amended Complaint on June 25, 2015 (Docket No. 72).

#### b. Parties

Honorable Chief Judge Morrison C. England, Jr. dismissed Defendants City of Stockton and Chief Ulring on June 25, 2015.  Additionally, Judge England dismissed the claims against Defendant Officers **in their official capacities only** as such suit against a public official in his or her official capacity is the equivalent of suing the public entity which employs them.  (*Kentucky v. Graham*, 473 U.S. 159, 165-166).

### 10. Witnesses

Pursuant to the Court's Amended Status (Pretrial Scheduling) Order, the parties' respective lists of trial witnesses, along with a brief statement of the nature of the testimony to be proffered, are attached as a separate document to be used as addenda to the Final Pretrial Order.

### 11. Exhibits – Schedules and Summaries

Pursuant to the Court's Amended Status (Pretrial Scheduling) Order, the parties' respective exhibit lists are attached as a separate document to be used as addenda to the Final Pretrial Order.

### 12. Discovery Documents, Not Including Documents Used Only for Impeachment or in Rebuttal

Plaintiffs do not anticipate using deposition testimony in lieu of live testimony, but may use them as impeachment, in rebuttal, or as party admissions as necessary.

**13.    Further Discovery or Motions**

None.

**14.    Stipulations**

None.

**15.    Amendments – Dismissals**

None.

**16.    Settlement Negotiations**

None.

**17.    Agreed Statements**

Plaintiffs contend that presentation of this case upon an agreed statement of facts is not feasible or advisable.

**18.    Separate Trial of Issues**

*Plaintiffs hereby stipulate to the bifurcation of issues at trial so that issues of liability are tried first, with damages being tried separately only if the jury finds liability.*

**19.    Impartial Experts – Limitation of Experts**

Plaintiffs have designated one retained expert to testify at trial.  Defendants have designated three retained experts to testify at trial.  Plaintiffs contend that there is no need for the appointment

by the Court of an impartial expert witness, nor is there a need for the Court to limit the number of experts to testify at trial.

### 20.    Attorneys' Fees

Plaintiffs claim a right to recover their attorney's fees in this case pursuant to 42 U.S.C. § 1988.  The entitlement to any such recovery depends on Plaintiffs establishing liability on their Section 1983 claims.  Plaintiffs contend that the determination of any attorney's fees award should be by written motion after the entry of judgment in this case.

### 21.    Trial Exhibits

It is not necessary for the Court to retain exhibits pending appeal decision; the parties will work out a stipulation after trial of who will retain the original exhibits pending appeal.

### 22.    Trial Protective Order

Plaintiffs do not see the need for a trial protective order at this time.

### 23.    Miscellaneous

None.

### 24.    Motions Previously Tendered to the Court and Their Resolution

None.

### 25.    Joint Statement of the Case

None.

1

**26.     Number of Jurors to be Empaneled**

2

Plaintiffs propose seven jurors be impaneled for trial of this case.

3

4

5

Respectfully submitted,

6

Dated:  September 11, 2019                    **THE LAW OFFICES OF JOHN L. BURRIS**

7

8

By: /s/ *James Cook*

9

JOHN L. BURRIS

10

BEN NISENBAUM
JAMES COOK

11

Attorneys for Plaintiffs
DIONNE SMITH-DOWNS AND

12

JAMES E. RIVERA, SR.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Pretrial Conference Statement
Smith-Downs, et al. v. City of Stockton, et al. Case No. 2:10-cv-02495-MCE-CKD
10