**LAW OFFICES OF JOHN BURRIS**
JOHN L. BURRIS, ESQ (SBN 69888)
BENJAMIN NISENBAUM (SBN 222173)
7677 Oakport St., Suite 1120
Oakland, CA 94621
Phone: (510) 839-5200
Fax: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS and JAMES E. RIVERA, SR., both individually, and as Successors-In-Interest to the Estate of JAMES E. RIVERA, Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; COUNTY of SAN JOAQUIN, A municipal corporation, Sheriff STEVE MOORE and Does 1 through 20, <br><br> Defendants. | CASE NO.: 2:10-cv-02495-MCE-CKD <br><br> **PLAINTIFFS' MOTION *IN LIMINE* NO. 3: TO EXCLUDE IMPROPER CHAIR ARGUMENTS BY DEFENDANTS AZARVAND AND DUNN** |

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs move to exclude Defendants AZARVAND and DUNN from making improper "Empty Chair" arguments in this matter, specifically with respect to Defendant NESBITT.

As an initial matter, as the Court is aware, the parties had reached a full settlement on behalf of all defendants. Although Defendant CITY has long been

_____
**Plaintiff's Motion *in limine* No. 3 to Exclude Improper Empty Chair Arguments**
Case No.: 2:10-cv-02495-MCE-CKD

1

dismissed from this action, the settlement for the remaining defendants was contingent on approval by the STOCKTON city council. Likewise, the settlement with Defendant NESBITT was contingent on approval by the COUNTY OF SAN JOAQUIN Board of Supervisors.  The County Board approved the settlement for Defendant NESBITT, while the STOCKTON city council did not approve the settlement for Defendants AZARVAND and DUNN. The settlement with NESBITT was not contingent on the entire matter resolving, or on approval by the STOCKTON city council.  Likewise, the settlement with AZARVAND and DUNN was not contingent on approval by the COUNTY OF SAN JOAQUIN Board of Supervisors.

29 gunshots were fired in totality by the three defendants, all occurring at approximately the same time period. According to his OIS interview, Defendant Nesbitt fired at least his full magazine plus one round in the chamber, and may have fired again after reloading (from the OIS report, 13 casings from NESBITT's handgun were recovered). Three casings were recovered that matched Defendant AZARVAND's handgun, and 13 casings were recovered that matched Defendant DUNN's handgun.  Mr. RIVERA was struck by 9 bullets, 8 to the torso and 1 to the head.

According to criminalist Sarah Yoshida, who analyzed the bullets recovered from Mr. RIVERA's body, a fired bullet from the "left ischial" of Decedent's body was fired by Defendant NESBITT. The bullet that struck Decedent in the head was fired by Defendant DUNN.  The remaining bullet cores and jackets recovered from Decedent's body were unsuitable for comparison.

All defendants have said, either in deposition or in their OIS interviews, that they were intentionally targeting the driver of the minivan (Decedent James Rivera, Jr.), when they discharged their firearms.

## **AN "EMPTY CHAIR" DEFENSE IS IMPERMISSIBLE IN THIS CASE SINCE IT DOES NOT NEGATE CAUSATION**

In order for an "empty chair" defense to be availing, the defense would have to negate an essential element of causation. "The right to make an "empty chair" defense stems from a defendant's right to refute any claims that its actions were the proximate cause of the plaintiff's injury. In other words, a defendant in a tort action may argue that it could not have caused the tortious act because a third party was exclusively responsible." *Hausman v. Holland American Line-USA,* 2015 WL 11234150 (W.D. Washington), citing *Guerin v. Winston Industries, Inc.* 316 F.3d 879, 884 (9th Cir. 2002).

Of course, the instant matter is Federal section 1983 action, not a personal injury case. The law regarding causation in a section 1983 excessive force case is not the strict state law proximate cause analysis. Causation in a section 1983 excessive force case simply requires integral participation by the defendant in what is cumulatively, or in totality, a Constitutional violation, such as excessive force. Officers who are "integral participants" in a constitutional violation are potentially liable under § 1983, even if they did not directly engage in the unconstitutional conduct themselves. *Boyd v. Benton County,* 374 F.3d 773, 781 (9th Cir. 2004).

Judge Mueller found in *Brown v. Grinder, et al.,* 2019 WL 280296 (USDC, E.D. California, January 22, 2019), Fn. 13:

> "[T]hese separate analyses are contained within the overall Graham balancing of the totality of the circumstances, which considers, for example, the cumulative effects of [different uses of force]." See De Contreras v. City of Rialto, 894 F. Supp. 2d 1238, 1252 n.12 (C.D. Cal. 2012); see also Lawson v. City of Seattle, No. C12-1994-MAT, 2014 WL 1593350, at *10 (W.D. Wash. Apr. 21, 2014) (declining defendant's proposed "parsing of plaintiffs' excessive force claim" by use of force because "[t]he jury should be allowed the opportunity to consider all of the force brought to bear against plaintiffs so that the necessary balance is appropriately weighed").

Likewise, in *Lawson v. City of Seattle,* 2014 WL 1593350 at *10 (W.D. Wash. Apr. 21, 2014):

_____
Plaintiff's Motion *in limine* No. 3 to Exclude Improper Empty Chair Arguments
Case No.: 2:10-cv-02495-MCE-CKD

3

"The Court, however, finds such parsing of plaintiffs' excessive force claim inappropriate. As reflected above, "[d]etermining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396. While it appears Richardson may not be held responsible for pushing Franklin's face into the ground (*see* Dkt. 22, Ex. A at 26:4–13), the intrusion here includes, at a minimum, a kick, to Lawson's chest or face/jaw, within seconds of the drawing of Richardson's firearm, in the "low ready" position or directly at plaintiffs. The jury should be allowed the opportunity to consider all of the force brought to bear against plaintiffs so that the necessary balance is appropriately weighed. *See, e.g., Hall v. County of Whatcom,* No. C09–1545–RSL, 2011 U.S. Dist. LEXIS 143486 at *12–13, 2011 WL 6179209 (W.D.Wash. Dec.13, 2011) (declining to separate excessive force and state law assault claims related to alleged strikes to testicles, from use of handcuffs and a " 'pain hold' ")."

"A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark County Sch. Bd. of Trs.,* 479 F.3d 1175, 1183 (9th Cir. 2007) (internal citations omitted). A plaintiff must "establish the 'integral participation' of the officers in the alleged constitutional violation." *Jones v. Williams,* 297 F.3d 930, 935 (9th Cir. 2002); *see also Torres v. City of Los Angeles,* 548 F.3d 1197, 1206 (9th Cir. 2008). Officers who are "integral participants" in a constitutional violation are potentially liable under § 1983, even if they did not directly engage in the unconstitutional conduct themselves. *Boyd v. Benton County,* 374 F.3d 773, 781 (9th Cir. 2004). Officers are not integral participants simply by the virtue of being present at the scene of an alleged unlawful act. *Jones,* 297 F.3d at 936."

Apart from the clear section 1983 law, factually Defendants cannot point to Defendant NESBITT[1] as being the sole cause of Decedent's injuries, since the bullet to brain was fired by Defendant DUNN, and there is no way to exclude Defendant AZARVAND from the shots that actually struck decedent. In any event, each are clearly integral participants in the excessive force used against Decedent.

Finally, with respect to any argument around apportionment of fault or liability, there is none in this case. The Constitutional injury caused the death of Decedent JAMES RIVERA, Jr., and each remaining Defendant is liable for it.

---

[1] So all counsel and the Court are aware, Plaintiffs have made arrangements with Defendant NESBITT's counsel to secure his presence to testify at trial.

_____
Plaintiff's Motion *in limine* No. 3 to Exclude Improper Empty Chair Arguments
Case No.: 2:10-cv-02495-MCE-CKD

4

Defendants must be precluded from making an improper "empty chair" argument, since the clam has no effect on their liability in this Federal section 1983 case.

|   |   |
|---|---|
| Dated:  October 14, 2019 | **Respectfully submitted,**<br><br>**LAW OFFICES OF JOHN L. BURRIS**<br>By: /s/ *Ben Nisenbaum*<br>JOHN L. BURRIS<br>BEN NISENBAUM<br>JAMES COOK<br>Attorneys for Plaintiffs<br>DIONNE SMITH-DOWNS AND<br>JAMES E. RIVERA, SR. |