**LAW OFFICES OF JOHN BURRIS**
JOHN L. BURRIS, ESQ (SBN 69888)
BENJAMIN NISENBAUM (SBN 222173)
7677 Oakport St., Suite 1120
Oakland, CA  94621
Phone: (510) 839-5200
Fax: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS and JAMES E. RIVERA, SR., both individually, and as Successors-In-Interest to the Estate of JAMES E. RIVERA, Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF STOCKTON, a municipal corporation; Police Officer ERIC AZARVAND; Police Officer GREGORY DUNN; Deputy Sheriff JOHN NESBITT; Chief of Police BLAIR ULRING; COUNTY of SAN JOAQUIN, A municipal corporation, Sheriff STEVE MOORE and Does 1 through 20, <br><br> Defendants. | CASE NO.: 2:10-cv-02495-MCE-CKD <br><br> **PLAINTIFFS' TRIAL BRIEF RE: RECOVERABLE DAMAGES FOR FOURTH AMENDMENT EXCESSIVE FORCE VIOLATION** |

## RELEVANT FACTUAL/EVIDENTIARY BACKGROUND

Defendants asserted Decedent died immediately after being shot, and that no damages survived his death, not even nominal damages, under the Fourth Amendment violation. Defendants are wrong on the facts and the law.  First, at least two defendants noted that Decedent was alive and breathing after the shooting. Defendant Nesbitt told investigators that after the shooting he went up to the right side of the van, with Officer Nhem by his side, looked into the

van, and saw Mr. Rivera inside moving his head back and forth slowly. (See Exhibit C to accompanying Declaration of Benjamin Nisenbaum, bates NESBITT000812).  Defendant AZARVAND told investigators that when Mr. Rivera was pulled from the van after the shooting, Mr. Rivera's breathing was "shallow". (See Exhibit C to accompanying Declaration of Benjamin Nisenbaum, bates NESBITT000098). In addition, Plaintiff SMITH-DOWNS incurred funeral and burial expenses.

### PLAINTIFFS ARE ENTITLED TO RECOVER FOR DECEDENT'S PAIN AND SUFFERING AND FOR DECEDENT'S LOSS OF LIFE

**A. Plaintiffs are entitled to recover for pain and suffering and "hedonic" damages for the death of Decedent under the 4th Amendment.**

While the Eastern District for years held to a minority rule that Plaintiffs could not recover for a decedent's pre-death pain and suffering or hedonic damages in a section 1983 action for 4th Amendment excessive force violation (See, e.g. *Duenez v. City of Manteca*, 2011 U.S. Dist. LEXIS 124524, * (E.D. Cal. Oct. 27, 2011) (Karlton, J.) (disagreeing with the Eastern District minority rule, striking  pain-and-suffering damages because "it would be inappropriate to have the results of an issue turn upon whichever judge happens to be assigned to a case[.]", but inviting plaintiffs (instant counsel) to seek interlocutory appeal to the 9th Circuit to rectify the Eastern District's adherence to the minority rule. Plaintiffs' instant counsel declined to delay those proceedings by filing an interlocutory appeal.)), the 9th Circuit ultimately addressed and over-ruled the Eastern District and minority rule prohibiting recovery of so-called "hedonic" damages in death cases in *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014).  *Chaudhry* thereby overruled *Provencio v. Vazquez*, 2008 U.S. Dist. LEXIS 73255 (E.D. Cal. 2008) (Ishii, J ), and its line of  cases that Judge Karlton criticized in *Duenez, Id.* Since *Chaudhry*, the Eastern District has routinely upheld the recovery of hedonic damages in section 1983 death cases, including Judge Ishii himself, in *Estate of Casillas v. City of Fresno* (E.D.) 2019 WL 2869079 at *16. Judge Ishii, the author of *Provencio*, stated:

"Here, the reasoning of Chaudhry supports the jury's award of damages for "loss of

enjoyment of life." The Court recognizes the split amongst California federal district courts, as cited by the parties. Federal district courts in the central and northern districts have long allowed for "loss of enjoyment of life" damages, finding the exclusion of such damages to be inconsistent with the purposes of Section 1983. See T.D.W. v. Riverside County, 2009 U.S. Dist. LEXIS 69189, 2009 WL 2252072, *21-22 (C.D. Cal. July 27, 2009); Garcia v. Whitehead, 961 F.Supp. 230, 233 (C.D. Cal. 1997); Williams v. County of Oakland, 915 F.Supp. 1074 (N.D. Cal. 1996); Guyton v. Phillips, 532 F. Supp. 1154, 1167-68 (N.D. Cal. 1981). Conversely, courts in the eastern district, including this very Court, have found hedonic damages barred under California law. Provencio v. Vazquez, 2008 U.S. Dist. LEXIS 73255 (E.D. Cal. 2008) (Ishii, J.) ("This court respectfully declines to follow the reasoning of the Northern District [in Guyton] and Central District [in Garcia], and this court agrees with the holding reached by other courts in this District and the California Court of Appeal. ...this court finds that the Estate's claims for pain and suffering damages and hedonic damages are precluded by Section 377.34."); but see Duenez v. City of Manteca, 2011 U.S. Dist. LEXIS 124524, * (E.D. Cal. Oct. 27, 2011) (Karlton, J.) (disagreeing with Provencio but declining to award pain-and-suffering damages because "it would inappropriate to have the results of an issue turn upon whichever judge happens to be assigned to a case[.]"). Critically, the Court notes that the cases in California federal district courts denying survival damages, including "loss of enjoyment of life" damages, are pre-Chaudhry; and courts in this district have authorized hedonic damages in the post-Chaudhry landscape. See Dominguez v. County of Kern, 2014 WL 2574798, *4 (E.D. Cal. June 9, 2014) (Thurston, M.J.) (recommending approval of "pain and suffering" damages and "hedonic" damages post-Chaudhry) (adopted by Dominguez v. County of Kern, 2014 WL 2919157 (E.D. Cal. June 26, 2014) (O'Neill, J.)). The Court's decision is further buffeted by Plaintiffs' exhibits showing such damages being approved of by other post-Chaudhry courts in California. See Doc. No. 111-5 to -8 (verdict forms from five § 1983 cases in the central, eastern, and northern district courts where the "loss of enjoyment of life" damages were awarded by the jury). For these reasons, Defendants' motion to void the "loss of enjoyment of life" damages awarded under 42 U.S.C. § 1983 is denied. "

Plaintiffs' counsel can't argue it any better than Judge Ishii.  Not only are plaintiffs entitled to recover for Decedent's pre-death pain and suffering (which appears to be supported by evidence as set forth above), Plaintiffs are also entitled to recovery for the loss of enjoyment of life (hedonic damages), under the Fourth Amendment.

### B. "Hedonic Damages"

So the parties and Court are on the same page, hedonic damages (i.e., "loss of life"), are "the only just remedy that carries out the purposes of the Civil Rights Act of 1871 […] an award of damages for the actual deprivation of right to life." *Guyton v. Phillips,* 532 F.Supp. 1154, 1167-68 (N.D.Cal.1981).  In light of *Chaudhry, Id* and *Casillas, Id*, Plaintiffs are plainly entitled

to an award of hedonic damages in addition to pain and suffering damages, to be determined by the jury, under the Fourth Amendment violation.

### C. Nominal Damages

The Court asked for briefing on the availability of nominal damages in the event no damages survived Decedent's death (though that is plainly not the case, in light of the above authority). Nominal damages could be appropriate (though Plaintiffs are clearly entitled to full compensatory damages, including pre-death pain and suffering and hedonic (loss of life) damages). Should Plaintiffs prevail on their section 1983 claims, a jury should not permitted to nullify a liability finding by awarding nominal damages (this may be another basis on which the trial should be bifurcated between damages and liability)

In *Mahach-Watkins v. Depee,* 593 F.3d 1054, 1059-60 (9th Cir. 2010), an award of nominal damages and award of attorneys' fees were upheld where actual damages were not available in section 1983 excessive force death case (on essentially the same basis as Defendants in the instant case have wrongly argued in this case: no pre-death pain and suffering awarded). Nominal damages in this case would be available to Plaintiffs in the event actual damages were not recoverable.

Respectfully submitted,

Dated:  October 14, 2019                      **LAW OFFICES OF JOHN L. BURRIS**

By: /s/ *Ben Nisenbaum*
JOHN L. BURRIS
BENJAMIN NISENBAUM
JAMES COOK
Attorneys for Plaintiffs
DIONNE SMITH-DOWNS AND
JAMES E. RIVERA, SR.