UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE SMITH-DOWNS et al., | No. 2:10-cv-02495-CKD |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF STOCKTON et al., | (ECF Nos. 149, 151, 152, 153, 154) |
| Defendants. | |

Presently before the court are the plaintiffs' motion to bifurcate the trial between liability and damages phases (ECF No. 154) and the parties' respective motions in limine (ECF Nos. 149, 150-153). On October 28, 2019, the court conducted a hearing concerning the present motions. For the reasons stated herein, the court orders as follows.

PLAINTIFFS' MOTION TO BIFURCATE (ECF No. 149)

Plaintiffs move to bifurcate the trial between liability and damages. Defendants oppose, arguing that judicial economy would be served without bifurcation and that the liability and damages issues are intertwined.

Pursuant to Fed. R. Civ. Proc. 42(b), a court may order a separate trial of one or more separate issues for the sake of "convenience, to avoid prejudice, or to expedite and economize." A court might bifurcate a trial to "avoid[] a difficult question by first dealing with an easier, dispositive issue," Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001), or to avoid the

risk of prejudice. See Quintanilla v. City of Downey, 84 F.3d 353, 356 (9th Cir. 1996). Further, "[i]t is clear that Rule 42(b) gives courts the authority to separate trials into liability and damage phases." De Anda v. City of Long Beach, 7 F.3d 1418, 1421 (9th Cir. 1993).

The court finds bifurcation is appropriate in this matter. While the court is mindful that that there is some potential overlap between evidence related to damages and evidence regarding plaintiffs' Fourteenth Amendment claims, the nature of the facts of this case and the threat of potential prejudice to plaintiffs strongly cautions towards bifurcation. The threat of prejudice is particularly conspicuous when the evidence consists of the prior bad acts or criminal history of a decedent. See Estate of Diaz v. City of Anaheim, 840 F.3d 592, 601 (9th Cir. 2016).

During the liability phase of the trial, both parties will be permitted to present evidence regarding plaintiffs' relationship with decedent. As the plaintiffs bear the burden of proving a familial relationship to establish their rights for their Fourteenth Amendment claim, both parties will be permitted to introduce evidence relative thereto. However, given that much of the evidence the defendants seek to introduce will be quite prejudicial (the decedent's significant criminal history, for example), the court must weigh the probative value of such evidence against the prejudicial value. Therefore, in the liability phase of trial, defendants will not be permitted to offer evidence that is only tangentially related to plaintiffs' relationship to decedent or, even if somewhat probative, is overly prejudicial. For example, defendants are prevented from introducing evidence of decedent's alleged drug use, gang affiliation, and the details of decedent's criminal history. See Diaz, 840 F.3d at 601 (finding reversible error for trial court to deny motion to bifurcate, when evidence was introduced of decedent's drug use, gang affiliation, and criminal history).

Should there be a damages phase of trial, the court will revisit these issues, and hear further argument from the parties regarding any additional evidence the parties seek to introduce regarding damages.

PLAINTIFFS' MOTIONS IN LIMINE

1.  PLAINTIFFS' MOTION IN LIMINE NO. 1. (ECF No. 151)

Plaintiffs' first motion in limine seeks to exclude from the liability phase of trial 12 pieces

of evidence unknown to defendant officers. Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

As discussed at the hearing on this matter, plaintiffs must establish a familial relationship with decedent to submit a case under the Fourteenth Amendment. See Wheeler v. City of Santa Clara, 894 F.3d 1046, 1058 (9th Cir. 2018). Thus, although some of the evidence plaintiffs request be excluded was not known to defendants, and therefore has no value in determining whether the officers' use of force was reasonable, it is potentially probative to plaintiffs' relationships with decedent. The court rules on plaintiffs' requests as follows.

Defendants are permitted to present evidence that decedent had been incarcerated but are not permitted to present evidence on the specifics of the decedent's criminal charges.

Defendants are not permitted to present evidence regarding alleged crimes committed by decedent on June 3, 2010 and June 4, 2010.

The court defers ruling on the admissibility of the wanted poster of decedent.

Defendants are not permitted to present evidence of a robbery at gunpoint and report of vandalism on July 20, 2010, allegedly committed by decedent.

Defendants are permitted to introduce evidence of allegations that decedent committed a carjacking with a shotgun on July 21, 2010.

Defendants can present evidence that James Rivera Sr. was serving a prison sentence, but only to the extent the evidence is probative to the existence, or non-existence, of a familial relationship. Evidence regarding the crimes for which Mr. Rivera Sr. was serving sentence will not be admitted, nor will evidence that the sentence initially imposed was a life sentence.

Defendants can present evidence that Dionne Smith-Downs temporarily ceded custody of decedent to her brother in November 2009.

The court defers ruling on the admissibility of decedent's alleged statement that he was not going back to jail.

Evidence of drug use of the decedent is excluded.

Evidence of condoms found on or around the decedent's person is excluded.

Evidence of a screwdriver found in the decedent's vicinity is excluded.

Evidence of bullet casings found in the decedent's vicinity is excluded.

2. PLAINTIFFS' MOTION IN LIMINE NO. 2. (ECF No. 152)

Plaintiffs' second motion in limine seeks to exclude certain testimony of defendants' expert Craig Fries. Plaintiffs' concerns can be addressed by cross-examination. Therefore, the court DENIES plaintiffs' second motion in limine.

3. PLAINTIFFS' MOTION IN LIMINE NO. 3. (ECF No. 153)

Plaintiffs seek to exclude improper empty chair argument regarding non-party Officer Nesbitt. Defendants do not oppose the motion, which is therefore GRANTED.

DEFENDANTS' MOTIONS IN LIMINE

1. DEFENDANTS' MOTION IN LIMINE NO. 1 (ECF No. 149-1)

Defendants first move to exclude the opinion of plaintiffs' expert Roger Clark that the Astro van decedent was driving was incapable of movement at the time of the shooting. While defendants' argument that Clark is simply summarizing, incorrectly, their own expert's finding is well taken, the court also believes this argument may be well suited for cross-examination. The court DEFERS ruling on this issue until a further offer of proof is provided.

2. DEFENDANTS' MOTION IN LIMINE NO. 2 (ECF No. 149-2)

Defendants next move to exclude argument that defendants' use of a pursuit intervention technique ("PIT") and defendants' position behind the Astro van are relevant in determining Fourth and Fourteenth Amendment liability. While the court does not intend to explicitly instruct the jury to consider the PIT as an unreasonable use of force,[1] the jury can consider the PIT, along with the officers' position, when considering the "totality of the circumstances" surrounding the incident. See Medvedeva v. City of Kirkland, Washington, 720 F. App'x 384, 387 (9th Cir. 2018).

The court additionally notes that plaintiffs' claim for damages is premised on the shooting by the officers, and, as best the court can tell, plaintiffs have not alleged any damages as a result of the PIT maneuver performed by defendants.

---

[1] The parties are instructed to review the jury instructions provided by the court at the hearing on this issue.

1      The court DEFERS ruling on this issue until further evidence and argument is received.

2 3.     DEFENDANTS' MOTION IN LIMINE NO. 3 (ECF No. 149-3)

3      Defendants move to preclude the following witnesses not previously disclosed: Dale Stanfield; Jermaine Baxter; and Kemira Horne. Plaintiffs do not oppose. Therefore, the court GRANTS defendants' third motion in limine.

4.     DEFENDANTS' MOTION IN LIMINE NO. 4 (ECF No. 149-4)

     Defendants move to exclude three pieces of evidence regarding the aftermath of the shooting.

     First, defendants move to exclude evidence of officers' actions after the fatal shooting. The court understands that there is video of multiple officers—not solely defendants—taken shortly after the incident. Defendants argue that such evidence would potentially be overly prejudicial. Plaintiffs respond that such evidence is probative to establish malice for punitive damages and may help establish relevant facts known to the officers at the time of the shooting, mainly, whether the officers acted consistently with their claim that they were just in a life-threatening exchange.

     The court is mindful that the non-party officers' conduct has little value in the present trial. However, because the court has not had an opportunity to see the relevant evidence, the court DEFERS on ruling on this issue until an offer of proof is made.

     Second, defendants move to exclude from evidence comments made by the San Joaquin District Attorney concerning this case. Plaintiffs state they do not plan on introducing such evidence. Therefore, the court GRANTS defendants' motion as it relates to statements by the San Joaquin District Attorney.

     Third, defendants move to exclude photographs of decedent's body after the shooting. The court has not yet had an opportunity to see the photographs that may be offered, and therefore DEFERS ruling on this issue.

5.     DEFENDANTS' MOTION IN LIMINE NO. 5 (ECF No. 149-5)

     Defendants next move to preclude photographs of decedent prior to the shooting. The court GRANTS defendants' motion as to any photographs that might be introduced in the liability

phase of trial. This order is without prejudice, and if evidence at trial makes photographs of decedent relevant the court may revisit this ruling. Further, this ruling does not preclude introduction of photographs of the decedent in the damages phase of the proceedings, should such phase occur.

6.   DEFENDANTS' MOTION IN LIMINE NO. 6 (ECF No. 149-6)

Defendants' sixth motion in limine seeks to exclude evidence of settlement discussions and plaintiffs' settlement with other parties. Defendants' motion is GRANTED. At the request of the parties, the court will give a limiting instruction informing the jury that they are not to consider nor speculate as to why other parties are not on trial.

7.   DEFENDANTS' MOTION IN LIMINE NO. 7 (ECF No. 149-7)

Defendants move to exclude evidence that they are entitled to defense and indemnity from the City of Stockton. Plaintiffs do not oppose. Therefore, defendants' motion is GRANTED.

8.   DEFENDANTS' MOTION IN LIMINE NO. 8 (ECF No. 149-8)

Defendants move to preclude witnesses from testifying that the fatal shooting was a "murder." Plaintiffs respond that they do not intend to elicit such testimony, but some witnesses may want to use the term. Defendants' motion is GRANTED. Plaintiffs are to instruct witnesses to avoid the term "murder" or other similar legal conclusions.

9.   DEFENDANTS' MOTION IN LIMINE NO. 9 (ECF No. 149-9)

Defendants move to preclude counsel from analogizing the shooting to other well-known officer-involved shootings. The court DEFERS ruling on defendants' motion to more fully consider any arguments or analogies the plaintiffs may wish to make.

10.  DEFENDANTS' MOTION IN LIMINE NO. 10 (ECF No. 149-10)

Defendants move to exclude non-party witnesses from the courtroom during trial. Plaintiffs do not oppose. Therefore, the court GRANTS defendants' motion.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motion to bifurcate (ECF No. 154) is GRANTED.
2. Plaintiffs' motions in limine one through three (ECF Nos. 151, 152, 153) are GRANTED

IN PART, DENIED IN PART, and ruling is DEFERRED IN PART.

3. Defendants' motions in limine one through ten (ECF No. 149) are GRANTED IN PART, DENIED IN PART, and ruling is DEFERRED IN PART.

Dated: October 30, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.2495